BOLES, WARDEN *v.* STEVENSON.

No. 298. Decided November 16, 1964.

*Charles Robert Sarver* and *Claude A. Joyce,* Assistant Attorneys General of West Virginia, for petitioner. *Daniel J. Meador* for respondent.

PER CURIAM.

The respondent, Stevenson, was convicted of murder in the first degree and sentenced to death in the Common Pleas Court of Cabell County, West Virginia. The conviction was affirmed on appeal by the West Virginia Supreme Court of Appeals. *State* v. *Stevenson,* 147 W. Va. 211, 127 S. E. 2d 638. Certiorari was denied here. 372 U. S. 938. He then filed a petition for habeas corpus in the United States District Court. *Stevenson* v. *Boles,* 221 F. Supp. 411. That court issued the writ on the ground that the State Supreme Court of Appeals used an

44

erroneous standard for determining voluntariness and that an oral admission of guilt contained in the testimony of three state police officers was involuntary. The District Court ordered Stevenson's release conditioned on the failure of the State to retry the defendant within a reasonable time, and the Court of Appeals affirmed. Without reaching the voluntariness of the confession, it held that the defendant was denied a fair and effective resolution of the voluntariness issue at trial when the trial court failed to hold a preliminary examination on this issue and failed to submit it to the jury under appropriate instructions. We grant certiorari and modify the order of the Court of Appeals to conform to our subsequent decision in *Jackson* v. *Denno,* 378 U. S. 368.*

At Stevenson's trial Officer Coleman testified for the State that he, and two other police officers, arrested the defendant and took him to the Atlantic Sea Food Store to show him the badly mutilated body of the victim. On cross-examination Coleman stated that the defendant strongly resisted efforts to confront him with the still undisturbed scene of the crime inside the building. Another of the officers gave the defendant a choice between entering the store or explaining what he knew about the crime. Coleman testified that the defendant then admitted committing the crime. At the conclusion of this testimony the defense moved to strike the oral confession of guilt because it "does not comply with the rules covering the introduction of a confession in that he was not warned that any statement he made may and would be used against him or any of the other requirements on entering of a confession." This motion was overruled without comment and without a hearing on voluntariness. Subsequent motions to exclude the testi-

---

*The respondent's motion to dispense with the printing of the brief in opposition is granted.

mony of the other two officers in respect to the same challenged admission of guilt were similarly overruled without comment. After this confession was thrice admitted, the defendant took the stand in his own defense and denied ever having made the admission to the officers.

Relying on this denial, the State Supreme Court of Appeals ruled that no preliminary examination was required in this case and that the confession was voluntary.

The practice in West Virginia, when an objection to a confession is interposed, is to hold a preliminary hearing out of the presence of the jury at which the trial judge fully determines the coercion issue. *State* v. *Vance,* 146 W. Va. 925, 124 S. E. 2d 252. In light of this practice, we cannot ascertain on this record whether the trial judge declined to hold a hearing and declined to rule explicitly on voluntariness because he thought there could not be any issue in light of defendant's not-guilty plea, because he thought the confession was in fact voluntary, or because he thought the objections were inadequate or untimely. Hence we do not know if the trial judge decided voluntariness, one way or the other, and, if he did, what standard was relied upon. We think the procedures were not "fully adequate to insure a reliable and clear-cut determination of the voluntariness of the confession." *Jackson* v. *Denno,* 378 U. S. 368, 391.

Hence we agree with the Court of Appeals that the writ should issue. But it does not follow that the State is required to order a new trial. As we held in *Jackson, supra,* where a state defendant has not been given an adequate hearing upon the voluntariness of his confession, he is entitled to a hearing in the state courts under appropriate procedures and standards designed to insure a full and adequate resolution of this issue. "A state defendant should have the opportunity to have all issues which may be determinative of his guilt tried by a state judge or a state jury under appropriate state procedures

which conform to the requirements of the Fourteenth Amendment." *Rogers* v. *Richmond,* 365 U. S. 534, 547–548. Accordingly the judgment below is modified and the case is remanded to the District Court to allow the State a reasonable time to afford Stevenson a hearing or a new trial, failing which Stevenson is entitled to his release. As so modified, the judgment is affirmed.

Mr. Justice Black would affirm the judgment of the Court of Appeals affirming the District Court's judgment which ordered Stevenson's release conditioned on the failure of the State to retry the defendant within a reasonable time.