Edward Donald CRESWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 37662.

Court of Criminal Appeals of Texas.

Feb. 10, 1965.

Rehearing Denied March 31, 1965.

D. B. Mauzy, Lee Mauzy, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Ripley Woodard and James I. Smith, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

Appellant was jointly indicted with James Benny Evins and Charles Edward McKinney for the offense of robbery by assault.

A severance being granted, appellant was separately tried and convicted and his punishment assessed at confinement in the penitentiary for twenty-seven years.

The state's evidence shows that on the night of December 15, 1962, while the injured party, eighteen-year-old Ronald Kaiser, was driving his automobile on Hardy Street in the northern part of Harris County, a car drove up behind, flashing its lights from dim to high. Kaiser proceeded to stop and two colored men identified as James Evins and Charles McKinney came to the door of his car. Evins, who was armed with a pistol, said: " '* * * move over and we won't hurt you, or we will shoot.' " Kaiser then moved to the center and the two men got in on either side of him. Evins asked if the injured party could identify the car they came up in and, when told that he could not, hit him "up-side" the cheek with his hand. Evins then asked Kaiser how much money he had and said that he wanted it. Thereupon, Kaiser produced his wallet and gave Evins nine $1 bills, being at such time in fear of death or serious bodily injury. After the money was given to Evins, McKinney proceeded to drive the car to a dirt road, where he drove it into a ditch and stuck it in the mud. While they were driving, Kaiser was struck in the face with a flashlight and the pistol was pointed at his chest. After the car was stuck in the ditch, Kaiser was told to lie down on the floor and the two men got out. McKinney then proceeded to raise the hood and jerk some wires out and Evins fired a shot which struck a window glass in the car door. After the shot was fired, both Evins and McKinney left. Another shot

was fired and then the injured party heard a car drive off.

The state's evidence further shows that Evins, McKinney, and appellant were arrested within a few days after the robbery. A pistol taken from McKinney's home by the officers was identified by the injured party as similar to the one which Evins had in his possession on the night of the robbery.

Appellant was arrested on December 17, 1962, at 9:30 p. m. by deputy sheriff Larry M. Frazier and, after being questioned by chief deputy sheriff Loyd Frazier, made and signed a written confession between 1:30 and 2:30 a. m., in which he admitted his participation in the robbery.

When the confession was offered by the state, the jury was retired and a hearing was held by the court on the question of its admissibility. At the conclusion of the hearing, the court admitted the confession in evidence over appellant's objection that it was not dated and that he had not been taken immediately before a magistrate after his arrest, as provided by Art. 217, Vernon's Ann.C.C.P.

At the hearing and before the confession was admitted in evidence by the court, proof was made by the state through the testimony of Officer Loyd Frazier that appellant voluntarily made and signed the confession after having been given the statutory warning. It was shown that the confession was taken on December 18, 1962, and that a part of the date on the instrument had been obliterated by a hole punched in the paper. It was also shown that appellant had not been taken before a magistrate prior to his making the statement.

In his confession, appellant stated, in part, as follows:

"It was last Saturday night December 15, 1962_ that I was at Mr. Henry Hill's place in Bordersville, Texas_ just outside of Humble, Texas_ drinking beer when James Evins came in. James asked me to ride to Spring, Tex-as_ with him and I told him that I would go. We went outside and got in James_ car which is a 1958 Chevrolet and I am not sure about the color but it has some white on it and the other could be blue or green and Charles McKinney was in there. We left there with James driving and drove to Springs Texas to the Honeycomb and went inside and drank some beer there. We drank two beers there and then we decided to leave. We were on our way back to Bordersville, Texas_ and were on Hardy Street and we got to talking about stopping cars and holding people up. We pulled up alongside a 1956 Chevrolet and James blinked his lights and the other car pulled over to the side of the road and stopped and James stopped behind this car and James and Charles got out of the car and I didn't see any gun at that time. They walked up to that car and they got into the car on opposite sides and James got in on the drivers side and Charles got in on the passengers side. They taken off and I didn't follow as I couldn't drive James_ car. They stopped and James came back and showed me how to drive his car and then he went back and got in the car and they drove off and I followed them. They drove down Hardy until they got to 1960 and then they turned left on 1960 until we got to Aldine and turned right and went to a little road that I do not know the name of and I stopped about a half of a block down from where they did and in about five minutes I heard a shot and I got out of the car and they said that they would be on in a few minutes and then I heard another shot and they came running back to the car and we went back to Bordersville, Texas_ to Hills and on the way there they gave me three dollars and said that they only got nine dollars. We drank one beer there and then we split up and I left them outside and went to dance. I think that is all."

Testifying as a witness in his own behalf, appellant admitted being with Evins and McKinney on the night in question but denied any complicity with them in the commission of the robbery. He stated that he was asleep when the injured party's car was stopped; that he followed behind in Evins's car because Evins told him to but that he did not know a robbery had been committed. He also admitted receiving $3 from Evins but swore that he did not know it was taken in the robbery.

Appellant repudiated certain incriminating statements contained in his written confession, saying that he did not make such statements to the officer. He also testified that he was not warned by the officer to whom the statement was made and was not allowed to call a lawyer. Appellant swore that he was physically mistreated and threatened by one of the officers during the interrogation and testified, in substance, that the statement was not voluntarily made.

The state called, in rebuttal, deputy sheriff Loyd Frazier, the officer to whom the statement was made, who swore that he gave appellant the legal warning and did not refuse him permission to call a lawyer or use the telephone. The officer testified that appellant did not mention making a telephone call. He also denied that anyone physically mistreated or threatened appellant during the interrogation. Other officers present when appellant made the statement were called by the state and swore that appellant was not physically mistreated or threatened in any manner.

The court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals. The issue as to the voluntary nature of his written confession was also submitted, with appropriate instructions.

■ The evidence is sufficient to support the judgment of conviction.

Appellant insists that his confession was illegally obtained and, therefore, inadmissible in evidence because he was not immediately taken before a magistrate, as required by Art. 217, Vernon's Ann.C.C.P.

■■ The failure to take appellant before a magistrate between the hours of 9:30 p. m., when he was arrested and 1:30 or 2:30 a. m., when the confession was made, was not an unreasonable delay. Childress v. State, 166 Tex.Cr.R. 95, 312 S.W.2d 247. It is observed that if there had been an unreasonable delay, the confession would not be inadmissible in the absence of a showing of some causal connection between the delay and the making of the confession. Collins v. State, 171 Tex.Cr.R. 585, 352 S.W.2d 841. The contention is overruled.

It is also contended that under the authority of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 1759, 12 L.Ed.2d 977, the confession was inadmissible because appellant was not allowed consultation with an attorney prior to making and signing the same. In his brief, appellant insists that this contention should be appraised in light of the dispute in the evidence as to whether he was advised that he had a right to remain silent.

■ In Escobedo v. State of Illinois, supra, a confession was held inadmissible where the proof showed that the officers had not effectually warned the accused of his right to remain silent and the accused had requested and been denied the opportunity to consult with his counsel. In the present case there is a sharp conflict in the testimony as to whether appellant was given the statutory warning prior to making and signing the confession. With reference to his claim that he was not allowed to consult with counsel, appellant testified as follows:

"Q At the time that you made this statement, were you allowed to call a lawyer? A No, sir.

"Q Were you told you could call one? A No, sir.

"Q Did they let you use the phone at all? A No, sir."

Officer Loyd Frazier, called as a witness in rebuttal, upon being examined by the court, swore that he did not refuse the appellant permission to call a lawyer or use the telephone. He further swore, in answer to questioning by state's counsel, that appellant did not mention to him that he wanted to make a telephone call. Under such evidence, Escobedo v. State of Illinois, supra, is not controlling. The contention is overruled.

Appellant's remaining contention is that he was denied due process of law because of the trial court's failure to hold a separate hearing and make an independent finding on the question of the voluntariness of the confession prior to its admission in evidence before the jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, and Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109, are relied upon in support of the contention.

Jackson v. Denno, supra, and Boles v. Stevenson, supra, have no application to the present case, where the state's proof as to the voluntary nature of the confession was not questioned by appellant when the same was offered in evidence by the state. See: Garrett v. State, Tex.Cr.App., 387 S.W.2d 53, opinion delivered January 27, 1965; and Miller v. State, Tex.Cr.App., 387 S.W.2d 401, opinion delivered February 3, 1965. The issue raised by appellant's testimony as to the voluntary nature of the confession after it was admitted in evidence was properly submitted to the jury under appropriate instructions. The contention is overruled.

The judgment is affirmed.

Opinion approved by the Court.