STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. FRANCIS HUTCHINS, A/K/A "HUTCH," ULYSSES WALLS, NORMAN PRINCE AND ERNEST HERNDON, A/K/A "JABO," DEFENDANTS-APPELLANTS.

Argued January 5, 1965—Decided February 11, 1965.

Mr. *James A. Major,* of counsel, argued the cause for appellants (*Messrs. Major & Major,* attorneys).

Mr. *Ronald J. Picinich,* Assistant Prosecutor, argued the cause for respondent (*Mr. Guy W. Calissi,* Prosecutor of Bergen County, attorney; *Mr. Picinich,* on the brief).

PER CURIAM. ▮ In *State v. Hutchins, et al.,* 43 *N. J.* 85 (1964), we concluded all issues raised by defendants on that appeal except an issue covered by a remand. We held with reference to defendant, Norman Prince, that "probable cause" existed for his arrest (at *page* 101). But we remanded the cause to the trial court (*Cf. Boles v. Stevenson,* 379 *U. S.* 43, 85 *S. Ct.* 174, 13 *L. Ed. 2d* 109 (1964)), in the following language (43 *N. J.,* at *p.* 101):

"We readily deduce from this record that Foti's statement to the police upon his arrest on April 4, 1962 implicating Prince constituted probable cause for arrest of Prince without a warrant. But was the search of the person of Prince incidental to an arrest? In this connection it is unimportant whether the search was made before or after the arrest so long as there was an intent to arrest him without regard to the outcome of the search. Therefore, the question becomes: Was there an intent to arrest regardless of search?

As that issue cannot be decided on the present record, we feel that justice requires a remand to the trial court for a determination. *Cf. State v. Doyle,* 40 *N. J.* 320, 325 (1963). * * *."

The trial court conducted a full hearing and found that the arrest of Prince was not based upon the product of a search but was made pursuant to a pre-existing intent of an arresting officer to take Prince into custody. We agree. This disposes of the only reserved issue.

▮ All defendants raise another issue which was not before us at the original argument. They contend that the United States Supreme Court in *Malloy v. Hogan,* 378 *U. S.* 1, 84 *S. Ct.* 1489, 12 *L. Ed. 2d* 653 (1964), decided after that argument, has made any comment by a trial judge of a defendant's failure to testify in his own defense a violation of the defendant's Fifth and Fourteenth Amendments rights. Herndon was the only defendant who did not take the stand. Defendants argue that the trial court's comment on the failure of Herndon to testify was reversible error as to all of them.

The issue is not before us, for, as stated above, we concluded on the first appeal all issues except the one embraced by the remand.

The judgments of the Appellate Division are reversed and the judgments of conviction are affirmed.

Mr. Justice FRANCIS and Mr. Justice PROCTOR join in this opinion but remain of the view that the Appellate Division should have been affirmed for the views expressed in the dissenting opinion. 43 *N. J.*, at *pp.* 102–103.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, HALL, SCHETTINO and HANEMAN—5.

*For affirmance*—Justices FRANCIS and PROCTOR—2.