**John D. WILSON, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37861.**

Court of Criminal Appeals of Texas.

March 10, 1965.

Rehearing Denied April 21, 1965.

M. Gabriel Nahas, Jr. (on appeal only), King C. Haynie (on appeal only), Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Ripley E. Woodard, Jr., and Bohn Phillips, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is indecent exposure (Art. 535c Vernon's Ann.P.C.); the punishment, 7 years.

The evidence, including the testimony of the then eleven year old girl and the confession and testimony of appellant, shows that on or about May 14, 1963, appellant's private parts were exposed so as to be seen by the child named in the indictment.

Appellant was driving a foreign made car in the City of Deer Park, Harris County, Texas. The eleven year old girl who was riding a bicycle and had stopped at an intersection was standing beside the car which had also stopped and, as appellant testified: "She could see real good the way she was."

According to appellant's testimony he did not know that his pants were unzipped and his penis was showing until he noticed that the girl "looked rather startled" at which time he looked down and became very embarrassed and put his hand over his private part to attempt to cover it up.

He testified that it was never his intention at all to expose himself to the little girl.

In his statement he said that when he looked down and "saw that my 'thing' was out of my pants. It was sticking up erect a little" and "I got it in my hands and put it back into my pants."

The girl testified that when she looked in the car she saw something that looked like a badly swollen thumb on appellant's left hand which was in his lap.

She testified that she had never seen the private parts of another man and it was only when he passed her, after she left the intersection, with both hands on the steering wheel and they were normal, that she realized what he had done.

The issue raised by appellant's testimony and the portion of his statement that he offered in evidence was submitted to the jury. By their verdict the jury found that appellant exposed his private parts or genital organs to the girl intentionally and with lascivious intent and that the girl named was a female under the age of 16 years.

We find the evidence sufficient to sustain the conviction.

Appellant contends that the court erred in admitting the written statement of the defendant without having resolved the issue of voluntariness.

The state's proof that the confession was voluntarily made and the statute complied with was not questioned, either before or after part of it was offered and read to the jury. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, has no application. Miller v. State, Tex.Cr.App., 387 S.W.2d 401; Creswell v. State, Tex.Cr. App., 387 S.W.2d 887.

Appellant's next complaint relates to the cross-examination of appellant as to his having been fired from a job with the City of Deer Park.

Appellant had testified that he was fired and that drinking, politics and a gun was involved, before any objection was made. The objection "to this line of questioning" was that it was immaterial. There was no motion to strike or have the jury instructed to disregard the testimony that had been elicited. We see no error.

The complaint as to testimony to the effect that appellant had been seen "prowling around at night" is without merit for like reason.

No reversible error appearing, the judgment is affirmed.