Howard Harry McKINNEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 37919.

Court of Criminal Appeals of Texas.

March 17, 1965.

Rehearing Denied May 5, 1965.

Second Motion for Rehearing Denied
June 9, 1965.

Clyde W. Woody, Houston, for appellant.

Frank Briscoe, Dist. Attys., Carl E. F. Dally, James C. Brough and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is murder without malice (Art. 802c Vernon's Ann.P.C.); the punishment, 2 years.

The undisputed evidence, including the testimony of the appellant and his confession, shows that on December 16, 1961, appellant, while driving his automobile on a public highway, collided with and inflicted injuries upon Charles Johnson, a pedestrian, from which he died

Appellant, a 53 year old man who held a responsible position with a leading oil company in Houston, and whose good reputation for being a peaceful and law abiding citizen was admitted, testified: "I just saw a blurred object and felt a thud," and stopped, at which time he saw the man lying on the right side of his car on the shoulder of the road.

The evidence shows that there were no obstructions which could have obscured appellant's vision and the only other cars on the highway near the scene were traveling in the same direction, one some 400 yards behind and the other almost as far ahead of appellant.

The state's evidence shows that appellant was intoxicated. Witnesses who observed him at the scene testified that he staggered, had the odor of an alcoholic beverage on

his breath; his speech was slurred, and in their opinion he was intoxicated.

Blood and urine specimens were taken from appellant with his consent. Analysis of the sample showed that the blood contained .23 percent alcohol and the urine .28 percent. The chemist testified that a person who had such percentage of alcohol in his blood and urine would, in his opinion, be intoxicated and that all persons having in excess of .10 percent of alcohol by weight in their blood stream would be intoxicated.

Appellant testified that he was not intoxicated but admitted that he had had three beers during a period of three hours preceding the accident and that he had consumed three or four mixed drinks the night before, ending about 11 P.M.

On cross-examination of Police Officer Goodson he was asked and answered:

"Q. Did he also tell you how much he had had to drink?

"A. Yes, sir, he did.

"Q. And did he not tell you he had had three beers?

"A. No, sir. He said he had six.

"Q. He had six?

"A. Yes, sir.

"Q. Was that all day or that afternoon?

"A. He said it had been that afternoon."

Appellant testified that he drank "a couple of bottles of beer * * * between 12 and 1 o'clock" with the owner of a Fishing Camp and stopped at a cafe and drank a third bottle between 2 and 3, and testified:

"Q. Did you tell the police that you had had six beers, or just what did you tell them?

"A. I don't recall telling him I had that many. In fact, I don't know that he asked me how many I drank."

On cross-examination appellant denied that he told Officer Goodson that he drank six bottles of beer between 12 o'clock and the time of the accident, or told him he drank four beers. He was then asked and answered, without objection:

"Q. Do you recall having signed a statement that very same day in which, after telling Officer Goodson that you had six beers in an oral confession, and when he got to putting it down in writing you then told him you had approximately four bottles to drink and that was in about two or two and a half hours' time?

"A. I signed that statement but I didn't read it."

In rebuttal the state recalled Officer Goodson who testified without objection that appellant told him at the time of giving the statement that he had had "approximately four" bottles of beer and had told him earlier that he had "approximately six."

Officer Goodson having identified the written statement and testified that he read the warning appearing at the top thereof to appellant, the state offered it in evidence and appellant's counsel stated: "We have no objection."

The statement introduced reads in part: "I would like to add that I have had approximately four bottles of beer to drink today in about two or two and a half hours time."

The ground for reversal presented in appellant's brief is the contention that the trial court erred in failing to instruct the jury on the voluntariness of his statement to police officers "even in the absence of an objection by appellant to the introduction of such statement and the absence of any exception to the court's charge regarding

said statement or requested instruction on the same."

Appellant relies solely upon the testimony showing that appellant was intoxicated to support his contention that the confession was not voluntary or that an issue as to voluntariness was raised. He suggests that Vasquez v. State, 163 Tex.Cr.R. 16, 288 S.W.2d 100, should be modified so as to exclude such a confession as a matter of law.

We find no merit in appellant's claim of error.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

Appellant now urges that the trial court erred in failing to submit to the jury the question of the voluntariness of his confession. Reliance is had primarily on Stevenson v. Boles, D.C., 221 F.Supp. 411, 4 Cir., 331 F.2d 939, and Boles v. Stevenson, 85 S.Ct. 174. As stated in our original opinion the confession was admitted without objection and no request was made that the jury be instructed on the issue of its voluntariness.

In Stevenson, supra, the Court had before it the question of involuntariness due to the action of the police. Here we have a question of the consciousness of what the accused was saying which resulted solely from his own misconduct.

Neither Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, nor Stevenson, supra, requires a finding of voluntariness in such a case.

Appellant's motion for rehearing is overruled.