678

5128                                              393 S. W. 2d 614

Opinion Delivered September 13, 1965.

No brief filed for Appellant.

*Bruce Bennett, Atty. General,* By: *Joe Bell, Asst. Atty. General,* for appellee.

ED. F. McFADDIN, Associate Justice. Appellant James S. Nelson was convicted of robbery (Ark. Stat. Ann. § 41-3106 *et seq.* [Repl. 1964]) and sentenced to imprisonment. From that conviction there is this appeal. The motion for new trial contains five assignments which may be summarized into three points now to be discussed.

I. *Sufficiency Of The Evidence.* This issue is presented by Assignments 1 to 3, inclusive; and there was ample evidence to support the verdict. There is no necessity to detail the evidence, in view of our holding on the third point in this Opinion.

II. *Time To Prepare For Trial.* The information was filed against the appellant on March 15, 1961, and he was arrested that day and admitted to bail. Several at-

torneys appeared for defendant, and trial of the case was continued by consent from time to time until June 15, 1964. Thus, the appellant had more than three years to prepare for trial and cannot now be heard to complain that his finally chosen counsel was "rushed into a trial."

III. *The Voluntariness Of The Confession.* This is the point that has given us most serious concern. The trial of the appellant in the Circuit Court was on June 15, 1964, and the Circuit Court proceeded under rules that had been held proper by the Supreme Court of the United States in *Stein* v. *New York,* 346 U. S. 156, 97 L. ed. 1522, 73 S. Ct. 1077. The Circuit Court, in line with our holdings,[1] submitted to the jury the issue of the voluntariness of the confession along with the issue of guilt or innocence. But on June 22, 1964, the United States Supreme Court overruled its own holding in the Stein case, and held that the issue of the voluntariness of the confession could not be initially submitted to the jury along with the issue of guilt or innocence. This about-face holding of the United States Supreme Court was in the case of *Jackson* v. *Denno,* 378 U. S. 368, 12 L. ed. 2d 908, 84 S. Ct. 1774, 1 A. L. R. 3d 1205.

Naturally, the holding in *Jackson* v. *Denno* was not anticipated by the Trial Court in the case at bar; and yet, we must now follow the United States Supreme Court holding in the case of *Jackson* v. *Denno.* The result is, that in cases tried after *Jackson* v. *Denno* there must be a finding that the confession is voluntary before the guilt or innocence of the defendant is submitted to the jury trying such issue.[2] But in *Jackson* v. *Denno* the United

[1] Some of our cases on such procedure are listed in the case of *Nolan and Guthrie* v. *State,* 205 Ark. 103, 167 S. W. 2d 503.

[2] The Majority Opinion in *Jackson* v. *Denno* had this language: "It is both practical and desirable that in cases to be tried hereafter a proper determination of voluntariness be made prior to the admission of the confession to the jury which is adjudicating guilt or innocence. But as to Jackson, who had already been convicted and now seeks collateral relief, we cannot say that the Constitution requires a new trial if in a soundly conducted collateral proceeding, the confession which was admitted at the trial is fairly determined to be voluntary." For a later case involving the holding in *Jackson* v. *Denno,* see *Boles* v. *Stevenson,* 379 U. S. 43, L. Ed. 2d 109, 85 S. Ct. 174. For some comments on *Jackson* v. *Denno,* see: 51 ABA Journal (Feb. 1965) p. 173; 18 Vanderbilt Law Review 237; and 78 Harvard Law Review 211.

States Supreme Court stated that in a case tried before June 22, 1964 the issue of the voluntariness of the confession could be subsequently determined.[3]

The Attorney General in his splendid brief in this Court has correctly asked that this cause be remanded for determination of the voluntariness of the confession in line with the holding of the United States Supreme Court in *Jackson* v. *Denno*. The Attorney General says:

"Even though there is sufficient evidence to sustain the verdict, defendant is entitled to a hearing in the Circuit Court of Pulaski County, Criminal Division, to determine whether or not his confession was voluntary. If it is found that the confession was voluntary, the decision below should be affirmed. If the confession is found to be involuntary, . . . the defendant [should] be given a new trial to determine his guilt or innocence, without evidence of the admissions being considered."

Accordingly, we remand this cause to the Trial Court to reinvest it with jurisdiction to proceed in a manner not inconsistent with this Opinion.

---

[3] The Majority Opinion in *Jackson* v. *Denno* had this language: "It does not follow, however, that Jackson is automatically entitled to a complete new trial including a retrial of the issue of guilt or innocence. Jackson's position before the District Court, and here, is that the issue of his confession should not have been decided by the convicting jury but should have been determined in a proceeding separate and apart from the body trying guilt or innocence. So far we agree and hold that he is now entitled to such a hearing in the state court. But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty. True, the jury in the first trial was permitted to deal with the issue of voluntariness and we do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the New York procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted in evidence."