NELSON *v.* STATE

5202                                        406 S. W. 2d 383

Opinion delivered October 3, 1966

*E. V. Trimble,* for appellant.

*Bruce Bennett,* Attorney General; *Lance Hanshaw,* Asst. Atty. Gen., for appellee.

PAUL WARD, Justice. This is an appeal from a finding by the trial judge that the confession [introduced at a former trial] of appellant, James S. Nelson, was voluntary.

On November 15, 1964 appellant was convicted of

robbery and sentenced to serve twelve years. The conviction was appealed to this Court and on September 13, 1965 we remanded the cause to determine the voluntariness of appellant's confession of guilt—in line with the holding of the United States Supreme Court in *Jackson* v. *Denno*, 378 U. S. 368, 12 L. Ed. 2d 908. For further details see *Nelson* v. *State,* 239 Ark. 678, 393 S. W. 2d 614, decided September 13, 1965.

Upon remand to the trial court for the purpose above stated a hearing was held before the trial judge on November 17, 1965. At the conclusion of the hearing [three police officers testified] the trial judge held appellant's confession was voluntary.

From the above holding appellant now prosecutes the present appeal and, for a reversal, urges two points.

*One.* It is contended that the first confession of appellant does not "meet the legal requirements as to the voluntariness as applied in the *Escobedo* case." The essence of this contention appears to be that it was encumbent on the State to show not only that the confession was voluntary but also to show appellant was not deprived of counsel.

We find no merit in this point. The uncontradicted evidence shows appellant made two written confessions of his own volition; that appellant was not subjected to any kind of duress or pressure; that he was told he didn't have to make a statement if he didn't want to do so, and; that he could have an attorney if he desired one. Under that state of the record the trial judge was correct in holding the confession to be voluntary. See: *Mullins* v. *State,* 240 Ark. 608, 401 S. W. 2d 9, decided April 4, 1966.

*Two.* Finally appellant says it was reversible error for the trial judge to hold two of the written confessions to be voluntary and at the same time hold a third one to be involuntary. We do not agree. It appears

that the "third" confession may have been made at a time when the investigation had reached the accusatory stage, but the record reveals also that this confession was not introduced in evidence on the original trial.

Affirmed.