**George Charles JONES, Petitioner-Appellee,**

v.

**S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellant.**

**No. 27407.**

United States Court of Appeals Fifth Circuit.

Dec. 15, 1969.

Arthur K. Bolton, Atty. Gen., of Georgia, Atlanta, Ga., Mathew Robins, Asst. Atty. Gen., Harold N. Hill, Jr. Executive Asst. Atty. Gen., Marion O. Gordon, U. S. Court of Appeals, Mathew Robins, Asst. Attys. Gen., Atlanta, Ga., for respondent-appellant.

E. A. Simpson, Atlanta, Ga., for petitioner-appellee.

Before TUTTLE, COLEMAN and SIMPSON, Circuit Judges.

TUTTLE, Circuit Judge:

The State of Georgia hereby appeals from the entry of a rule absolute in a habeas corpus hearing vacating the conviction and sentence of the appellant by the Superior Court of Fulton County, Georgia, in a capital case.

Jones was first convicted and sentenced to death on November 17, 1964. Previously, a full hearing in the District Court for the Northern District of Georgia was scheduled, but prior to such hearing the United States Supreme Court decided Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 and upon the basis of that decision the prisoner was remanded to the state courts. On September 30, 1968, the state court resentenced the petitioner to life imprisonment. He subsequently renewed his prayers in the current habeas corpus petition, and the court set the matter down for a full hearing, at which time the prisoner was urged to present any claim he had about his case.

The only points raised in the current trial that are of concern here are a failure of the trial court to make a preliminary inquiry into the admissibility of his confession, as required by Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908 (1964), and the charge that the grand and traverse jury were illegally constituted on account of the racial composition at the time of trial.

We think it not necessary to reach the question of the Jackson v. Denno determination by the trial court prior to submission of the voluntariness of the confession to the jury. Here, as stated by the trial court, "The testimony concerning the interrogation and subsequent admissions was received directly into evidence in the presence of the jury. Under Jackson v. Denno, 378 U.S. 368 [84 S.Ct. 1774] 1964, even in those states (like Georgia) where the ultimate issue of whether an admission or confession is voluntary is for the jury, it is mandatory that the court first inquire into the admissibility of the evidence. Such procedure was not followed here. Even though it is later revealed that the testimony is proven reliable (as is apparent here), such procedural failure requires the remand of the case for, at the least, an independent hearing on the question. Boles, Warden v. Stevenson, 379 U.S. 43 [85 S.Ct. 174, 13 L.Ed.2d 109] (1964); United States v. Rundle, [3 Cir.] 363 F.

2d 126 (1966). This is so unless there was a concurrent independent determination or waiver. See Pinto v. Pierce, 389 U.S. 31 [88 S.Ct. 192, 19 L.Ed.2d 31] (1967)."

The state contends, on appeal, that the trial court does not have to make a separate determination as to the voluntariness of a confession or extra-judicial admission, unless this issue is raised at the trial, either by the admission of evidence contradicting the admission or by an objection filed at the trial to the introduction of the admission into evidence. In this case the only issue raised as to voluntariness is that which is to be presumed by the entry of the plea of not guilty.

In light of the fact that our decision with respect to the jury question requires a new trial, at which time the state court will undoubtedly follow the appropriate procedure under the guidance of Jackson v. Denno, supra, we find it unnecessary to pass on this question.

Relying upon the Supreme Court case of Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967),. petitioner, for the first time, during the current habeas corpus hearing, has attacked the composition of the grand jury that indicted him and the trial jury that tried and convicted him because, so he alleges, the jury lists from which the particular panels were chosen did not meet constitutional standards relating to the exclusion of Negro jurors.

Jones was tried by a jury and indicted by a grand jury that were comprised of names which came from a jury list compiled in 1962–63. At that time the jury lists were made up from tax returns which, under the then applicable state law, were maintained on a segregated basis, in that the individual returns were recorded on forms in four different colors, indicating white and Negro taxpayers of the county inside and outside the city of Atlanta. As the trial court determined, the following was revealed by the record:

| | White | Negro |
|---|---|---|
| Over 21 population | 68.1% | 31.9% |
| Jury Commissioners | All | |
| Source of juror names | segregated tax digests | |
| Taxpayers | 84.7 % | 15.3% |
| Negro jurors: | | |
| On panels | 96.15% | 4.85% |
| On grand jury | 96.66% | 4.34% |
| On actual trial jury | All | None |

The state contends that the *Whitus* principle does not apply here, because of language in Supreme Court decisions such as Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 and Rabinowitz v. United States, 5 Cir., 1966, 366 F.2d 34, etc. that it is pertinent to the resolution of the charge of racial discrimination of jurors that we know the percentage of Negroes and white persons in the pool of jurors contained in the two boxes, stressing the fact that something more than just the current jury list is involved. This contention was adequately answered, we conclude, by the trial court in this case. The need for a history of inadequate representation on jury lists, as referred to, may well be necessary where it stands alone, but, where as is true here, and as was the case in *Whitus*, the jury list itself if made up from digests which are racially segregated, it is not necessary for the court, any more than it was in *Whitus*, to refer to more than the jury list from which the particular panels of the grand jury and trial before the court were constituted. In point of fact, the language

in *Whitus* is in terms of a particular jury venire. It deals with a "revised" jury list which was made up from an older jury list which had been found to be illegally constituted by this court. In short, we conclude that upon a showing that when the prohibited factor of racial origin of the lists is shown, an impermissible disparity in the racial composition of the venire or list from which the particular trial panels are drawn, this is sufficient to bring the case strictly within the *Whitus* principle. Here, the mathematical factors are more telling in favor of the petitioner than those in the *Whitus* case.

We conclude, therefore, that the trial court did not err in granting the rule absolute and remanding the petitioner to the Superior Court of Fulton County for a new trial within a reasonable time, determined by the trial court to be a period of four months from a final decision in this case.

The judgment is affirmed.