434 F.2d 1029
 Nathaniel WILLIS, Petitioner-Appellant,
v.
S. Lamont SMITH, Warden, Georgia State Prison, Respondent-Appellee.
 No. 29566 Summary Calendar.*
*(1) Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
 
 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 1, 1970.
 Nathaniel Willis, pro se.
 Arthur K. Bolton, Atty. Gen., State of Ga., Dorothy T. Beasley, Deputy Asst. Atty. Gen., Atlanta, Ga., for appellee.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant, Nathaniel Willis, brought this 2254 action seeking release from custody of the State of Georgia in connection with a 1966 burglary conviction. He contends that his detention is in violation of the Constitution in that (1) the grand jury that indicted him and the petit jury that found him guilty were drawn from a list which discriminated against Negroes; (2) he was held incommunicado and beaten subsequent to his arrest; (3) prior convictions were used as a part of the state's case against him; and (4) notes essential to his case in a Georgia habeas proceeding were confiscated from him. We have examined the record and the applicable law, and affirm the district court on each of these points.
 
 
 2
 Appellant was indicted September 16, 1966 for burglary with four prior convictions used for enhancement of punishment under Georgia's recidivist statute.[1] The indictment listing these prior convictions was read to the jury. He was convicted and sentenced to 20 years' imprisonment. The Court of Appeals of Georgia affirmed.[2] In a state habeas corpus proceeding he was accorded an evidentiary hearing and relief was denied. An appeal was filed but not perfected. In this 2254 proceeding before the United States District Court in which no evidentiary hearing was held, he was again denied relief. The court properly relied on and upheld the Georgia court's findings in the state evidentiary hearing.[3]
 
 
 3
 In Davis V. Smith,[4] the September 6, 1966 conviction of that defendant was invalidated under Whitus v. Georgia[5] because racial discrimination in compiling the Fulton County jury rolls resulted in a racial imbalance on the grand jury. Appellant asks this court to take judicial notice of that court's findings of discriminatory practices in Fulton County and to invalidate his conviction for the same reasons. We cannot do so in this case. The record in the Davis case is not before us, and appellant has neither alleged nor proven actual discrimination on either of the challenged jury panels. On the contrary he testified that he did not know how the juries were selected; that there were two Negroes on his petit jury; and that he did not know the composition of the grand jury. He has thus not established even a prima facie case of jury discrimination.[6]
 
 
 4
 On appellant's second point, the district court ruled that his allegation of beatings and incommunicado detention were not sufficient to justify habeas corpus relief because the alleged conduct has not been shown to have had any part in his conviction. We have examined the record and concur in this finding.[7] Likewise, we find no merit in appellant's third and fourth points. The reading of his indictment listing prior convictions does not render his conviction void.[8] And on the final point our examination of his state habeas corpus proceeding reveals no indication that any material was confiscated from him. To the contrary, he was allowed to read from his notes at the hearing.
 
 
 5
 Affirmed.
 
 
 
 [1]
 Ga.Code Ann. 27-2511 (Supp. 1969)
 
 
 [2]
 Willis v. State, 1967, 116 Ga.App. 21, 156 S.E.2d 668
 
 
 [3]
 Shank v. Smith, 426 F.2d 1344 (5th Cir. 1970); Dillard v. Smith, 430 F.2d 1294 (5th Cir. 1970)
 
 
 [4]
 No. 11686 (D.C.N.D.Ga., July 28, 1969) unreported
 
 
 [5]
 385 U.S. 545, 87 S.Ct. 643, 17 L.Ed.2d 599 (1967)
 
 
 [6]
 See Whitus v. Georgia, 385 U.S. 545, 87 S.Ct. 643 (1967); Jones v. Smith, 420 F.2d 774 (5th Cir. 1969)
 
 
 [7]
 Peters v. Rutledge, 397 F.2d 731 (5th Cir. 1968); Edwards v. Holman, 342 F.2d 679, 683 (5th Cir. 1965), cert. den. 384 U.S. 1017, 86 S.Ct. 1934, 16 L.Ed.2d 1039
 
 
 [8]
 Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967)