Michael STOVER, Appellant,

v.

UNITED STATES, Appellee.

No. 14251.

District of Columbia Court of Appeals.

Submitted July 24, 1979.

Decided Sept. 4, 1979.

Lee J. Landesberg, Washington, D. C., was on the brief for appellant.

David H. Saffern, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry, Norman M. Monhait and Michael W. Farrell, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, HARRIS, and FERREN, Associate Judges.

PER CURIAM:

Appellant was convicted of carrying a pistol without a license, D.C. Code 1973, § 22–3204, failure to register a firearm, D.C. Code 1978 Supp., § 6–1811(a), ammunitions violations, D.C. Code 1978 Supp., § 6–1861, and possession of phencyclidine, D.C. Code 1973, § 33–702(a)(4), and marijuana, D.C. Code 1973, § 33–402. He contests his convictions, asserting that the trial judge erroneously limited his presentation of a defense at a hearing on his motion to suppress statements. The government concedes that the court improperly restricted appellant's opportunity to present evidence; however, it argues that this error should be remedied by remanding for the purpose of conducting a new suppression hearing, rather than reversing the conviction and ordering a new trial. We agree with the government and remand the case for further proceedings.

### I.

In the early morning of May 9, 1978, police executed a search warrant at the apartment of Linda Johnson. Appellant and his two co-defendants were in the apartment at the time and were discovered within arms length of a coffee table on which the police found marijuana and phencyclidine. The police arrested the three and, according to the arresting officers, informed them of their *Miranda* rights.[1] The officers then conducted a further search of the apartment and recovered a .38 caliber revolver from the couch on which appellant had been seated. Police also found ten live rounds of ammunition in a jacket on the couch. Before leaving the apartment, they questioned appellant about the gun. He admitted that both the gun and the jacket were his, stating that he had purchased the gun from a friend the previous day. Appellant was not licensed to carry a pistol, and the gun was not registered.

On June 5, 1978, Judge Kessler heard and denied appellant's motion to suppress tangible evidence. On August 2, 1978, Judge McArdle conducted a suppression hearing on appellant's motion to suppress statements. Thereafter, appellant was tried by Judge Murphy without a jury, convicted, and sentenced to four months imprisonment on the pistol-carrying charge, as well as on the drug charge, and ten days each on the firearms and ammunition charges, all terms to run concurrently.

### II.

Appellant bases his appeal on incidents that occurred during the hearing on his motion to suppress statements concerning the gun and the ammunition. In his motion, he had asserted that he had not been advised of his *Miranda* rights and that his statements were involuntary because he had been under the influence of hallucinogenic drugs at the time he made them. At the suppression hearing, the arresting officers testified that they had informed appellant of his rights and that he had been coherent and had acknowledged that he had been so advised before admitting the gun was his.

Appellant then took the stand and denied that police had advised him of his rights. He stated, moreover, that he had been dizzy

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

when the police asked whether he owned the gun and had not been told that he was under arrest. At this point, the following colloquy occurred between defense counsel and the court after counsel addressed a question to appellant:

[MR. MESTEL:] Sir, you remember talking to me prior to this hearing?

THE COURT: No; no; you cannot go into that.

MR. MESTEL: I believe we—

THE COURT: No; no; no, because now you are going to have to put yourself on the witness stand. You will have to take yourself out of the case because now you have contradictory statements. This is what I keep telling lawyers. A defendant does not have to take the stand. And, now, you've got yourself in this spot. Now, you, you see, you got to put yourself on the stand. You have to withdraw from the case.

MR. MESTEL: Your Honor, I believe that when a—

THE COURT: —No, I'm telling you how it is run. If you would—. This is why I tried to stop it. I tried to stop it yesterday. I tried to stop it a couple of days ago. Lawyers will not listen to me. You see, you are stuck.

Now, the only thing you have to do is sit down.

MR. MESTEL: Yes, Your Honor.

THE COURT: And, you have to sit down now.

The court permitted no further questioning of appellant and denied appellant's motion without further argument.

██ A defendant has a constitutional right to a fair hearing and a reliable determination of the voluntariness of a statement. *Jackson v. Denno*, 378 U.S. 368, 377–78, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); *see Pinto v. Pierce*, 389 U.S. 31, 32, 88 S.Ct. 192, 19 L.Ed.2d 31 (1967) (per curiam). It is

clear in this case, as the government concedes, that the court denied appellant a fair hearing by prematurely forcing appellant's attorney to sit down and ruling without hearing further argument on the issue. Although the defendant had already averred that the police had neglected to give him *Miranda* warnings, he had been able to say almost nothing related to his argument that his statement had been involuntary because he was under the influence of hallucinogenic drugs at the time that he made it. This was a critical, disputed issue of fact, and the trial court erred in restricting appellant's presentation of evidence.[2]

As to the remedy, appellant is not, as he asserts, automatically entitled to a new trial. *See Boles v. Stevenson*, 379 U.S. 43, 45–46, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964) (per curiam); *Jackson v. Denno, supra*, 378 U.S. at 394, 84 S.Ct. 1774. Instead, we remand the case to the trial court for the limited purpose of conducting a new hearing on appellant's motion to suppress statements. If the trial court determines that the motion should be denied, appellant's conviction should stand, subject to review of the trial court's findings in this court. If the trial court decides that the motion should be granted, it must vacate the convictions and conduct a new trial.

*So ordered.*

HARRIS, J., concurs in the result.

---

2. The trial court should have explored alternatives short of terminating appellant's testimony. *For example,* the court could have inquired into the appropriateness of the question as such, irrespective of the attorney's becoming a witness. If the question were found proper and

the attorney had to become a witness, the court would then have to consider whether new counsel should be appointed. *See* Disciplinary Rule 5–102; Ethical Considerations 5–9 and 5–10.