**Donald Hugh CASPER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0030–CR.**

Court of Appeals of Texas, Tyler.

April 29, 1982.

John R. Heath, Nacogdoches, for appellant.

Herbert Hancock, Nacogdoches, for appellee.

SUMMERS, Chief Justice.

This appeal is from a conviction of appellant by a jury for the offense of indecency with a child under V.T.C.A. Penal Code § 21.11(a)(2), wherein the jury assessed punishment at confinement in the Texas Department of Corrections for fifteen years. The punishment was enhanced by a prior felony conviction for the same offense.

Appellant's only point of error is that the evidence was insufficient to sustain the jury verdict. In review, the evidence must be viewed in the light most favorable to the verdict to determine its sufficiency to sustain the judgment of conviction. *Allen v. State*, 478 S.W.2d 946 (Tex.Cr.App.1972).

On January 1, 1980, K.P., an eleven year old female child, not the wife of appellant, was visiting her grandmother's home in the city of Nacogdoches. K.S., a fourteen year old boy and cousin of K.P., had begun cleaning his grandmother's yard about 10:00 a. m. Behind his grandmother's house was a burned out house. K.P. and her sister arrived about the middle of the day, began playing in the yard and helping K.S. with the yard work.

K.S. observed appellant in the burned out house just before K.P. arrived. When first observed, appellant was undressing. He had his pants off when K.P. first saw him. K.S. initially described appellant's action as "He was out playing around with his self." It is clear from his testimony and that of the other witnesses that appellant was playing with his exposed genitals or private parts. K.S. stated that appellant continued his activity for about two hours; that appellant was standing in the front room of the old house; that he could see appellant; that K.P. could see appellant; that K.P.'s sister and little brother were also there. K. S. further testified that the children said nothing to the man and that he said nothing to them.

K. P. testified that she saw the man in the old burned house, that it was during the day when she saw him, and that when she first saw him, he was:

ANS. "Waving something"

Q. Okay. Would you, uh, tell us what part or what he was waving?

ANS. "His privacy"

C. S., father of K. S., testified that he had stopped at his mother-in-law's house; that shortly thereafter some of the children came in and reported that there was a man in the old burned house exposing himself to the children. C. S. said he went out the side door and "the man was standing in the front of the window with his clothes down." He further stated that appellant was standing at the window with his blue jeans pulled down so that they were below the window sill with his underclothes on and his private parts in his hand as he stood in the window. K. P. and the other children were in the yard. C. S. and the other adults went to the burned house and told appellant to come out. He appeared drunk and acted like he did not remember what he had been doing.

Appellant contends that there is no evidence to indicate that appellant was aware of the presence of K. P., and that the evidence is insufficient therefore to support a finding of the intent requirement of the offense. Although there is no evidence indicating some word which invited the minor to view his displayed genitals, such does not mean that the evidence is thereby insufficient. Appellant's deed in standing in front of an open window waving and fondling his exposed genitals in open view of K. P. playing outside is evidence of attention-getting conduct from which knowledge and intent could be inferred. *Turner v. State*, 600 S.W.2d 927 (Tex.Cr.App.1980); *Wilson v. State*, 388 S.W.2d 720 (Tex.Cr.App.1965).

From the testimony, we find the jury was justified in inferring and finding the requisite knowledge and intent elements of the offense.

The judgment is affirmed.

Moore, J., not sitting.