# NO. 12-10-00242-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOSHUA CLEM MILLER,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Joshua Clem Miller appeals his conviction for indecency with a child, a third degree felony, for which he was sentenced to imprisonment for ten years. In one issue, Appellant argues that the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

On May 5, 2009, M.G. was taking her twelve year old son to school when Appellant drove up beside her. Appellant was driving a car, and M.G. was driving a pickup so M.G. could see into Appellant's car, and when she did, she saw that Appellant was masturbating. They made eye contact, and Appellant smiled at M.G. M.G. saw that her son was witnessing Appellant's conduct so she tried to cover his eyes and asked him not to look. However, her son also made eye contact with Appellant and saw that Appellant was masturbating. Both M.G. and her son saw Appellant's genitals. M.G. then drove toward her work. Appellant continued driving in close proximity to M.G. for several minutes before driving away.

Appellant was arrested and charged with indecency with a child. Appellant pleaded not guilty, waived his right to trial by jury, and proceeded to trial before the court. The trial court found Appellant guilty and sentenced him to imprisonment for ten years. This appeal followed.

1

In his sole issue, Appellant argues that the evidence is insufficient to support the trial court's judgment. Specifically, Appellant contends that the evidence is insufficient to prove that he knowingly exposed himself to a child.

**Standard of Review**

A reviewing court should apply the ***Jackson v. Virginia***[1] standard "in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt." ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion). When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See **Jackson***, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; ***Brooks v. State***, 323 S.W.3d at 899. Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See **Brooks***, 323 S.W.3d at 899; ***Dewberry v. State***, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See **Brooks***, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See **Williams v. State***, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See **Malik v. State***, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." ***Id.***

To support Appellant's conviction for indecency with a child, the State was required to prove that Appellant, with the intent to arouse or gratify his sexual desire, exposed his genitals knowing that a child younger than seventeen years of age was present. TEX. PENAL CODE ANN. § 21.11(a)(2)(A) (Vernon 2003 & Vernon Supp. 2010).

---

[1] 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979).

**Analysis**

Appellant argues that the evidence is insufficient to establish that he exposed his genitals knowing that a child younger than seventeen years old was present. Instead, he claims that he merely acted recklessly. Appellant concedes that the evidence is sufficient to show that he exposed himself to M.G., but he argues that the evidence does not show that he knew M.G.'s son was present at the time. As support for Appellant's lack of knowledge of the presence of the child, Appellant points to two extraneous offenses referenced by two other adult women. Approximately a week before his demonstration for M.G., Appellant drove by a woman in a Target parking lot. The woman saw that Appellant was masturbating. Also, later in the day after his demonstration for M.G., Appellant drove by a woman in a Lowe's parking lot. Again, the woman saw that Appellant was masturbating.

Appellant is correct that the evidence shows that he may have been more interested, or perhaps even only interested, in M.G.'s seeing his conduct. But the State presented evidence that M.G.'s son witnessed Appellant's conduct also and that Appellant knew it. First, Appellant was driving beside M.G. for several minutes. M.G. was able to see that Appellant was alone. A fact finder could reasonably infer that Appellant was able to see that M.G. was not. Second, M.G.'s son testified that he made eye contact with Appellant. Third, M.G.'s son further testified that he was sitting farther up than M.G., and thus, his view of Appellant's conduct was better than M.G.'s view. Appellant's knowledge that the child was present can be inferred from this evidence. *See Casper v. State*, 634 S.W.2d 39, 40 (Tex. App.—Tyler 1982, no pet.) (standing in front of open window fondling exposed genitals in open view of children is attention-getting conduct from which knowledge and intent can be inferred).

Appellant also makes arguments about the configuration of the automobiles, the ability of the child to see him, and, more importantly, his ability to know that the child was present. The fact finder was in the best position to resolve these kinds of issues. Having examined the aforementioned evidence in the light most favorable to the verdict, we conclude that the fact finder could have determined beyond a reasonable doubt that Appellant committed the offense of indecency with a child. *See Williams*, 235 S.W.3d at 750. Therefore, we hold that the evidence is sufficient under the *Jackson v. Virginia* standard to support the trial court's judgment. We overrule Appellant's sole issue.

3

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.


**BRIAN T. HOYLE**
Justice


Opinion delivered May 11, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)