NO.
12-10-00242-CR

            

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

JOSHUA
CLEM MILLER,                               §                 APPEAL FROM THE
217TH

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE STATE OF TEXAS,

APPELLEE                                                        §                 ANGELINA
COUNTY, TEXAS

                                                        
                                         

MEMORANDUM OPINION

            Joshua
Clem Miller appeals his conviction for indecency with a child, a third degree
felony, for which he was sentenced to imprisonment for ten years.  In one
issue, Appellant argues that the evidence is insufficient to support his
conviction.  We affirm. 

 

Background

            On
May 5, 2009, M.G. was taking her twelve year old son to school when Appellant
drove up beside her.  Appellant was driving a car, and M.G. was driving a
pickup so M.G. could see into Appellant’s car, and when she did, she saw that
Appellant was masturbating.  They made eye contact, and Appellant smiled at
M.G.  M.G. saw that her son was witnessing Appellant’s conduct so she tried to
cover his eyes and asked him not to look.  However, her son also made eye
contact with Appellant and saw that Appellant was masturbating.  Both M.G. and
her son saw Appellant’s genitals.  M.G. then drove toward her work.  Appellant
continued driving in close proximity to M.G. for several minutes before driving
away.

            Appellant
was arrested and charged with indecency with a child.  Appellant pleaded not
guilty, waived his right to trial by jury, and proceeded to trial before the
court.  The trial court found Appellant guilty and sentenced him to
imprisonment for ten years.  This appeal followed. 

Evidentiary
Sufficiency

            In his sole issue, Appellant
argues that the evidence is insufficient to support the trial court’s
judgment.  Specifically, Appellant contends that the evidence is insufficient
to prove that he knowingly exposed himself to a child.

Standard
of Review

A
reviewing court should apply the Jackson v. Virginia[1] standard “in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Brooks v. State,
323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality opinion).  When
reviewing the sufficiency of the evidence, we view all of the evidence in the
light most favorable to the verdict to determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  See Jackson, 443 U.S. at 315-16, 99 S. Ct. at 2786-87; Brooks
v. State, 323 S.W.3d at 899.  Under this standard, a reviewing court
does not sit as a thirteenth juror and may not substitute its judgment for that
of the fact finder by reevaluating the weight and credibility of the evidence. 
See Brooks, 323 S.W.3d at 899; Dewberry v. State,
4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Instead, a reviewing court defers to
the fact finder’s resolution of conflicting evidence unless that resolution is
not rational in light of the burden of proof.  See Brooks,
323 S.W.3d at 899–900.  The duty of a reviewing court is to ensure that the
evidence presented actually supports a conclusion that the defendant committed
the crime.  See Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim.
App. 2007).

The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997).  Such a charge would include one that
“accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State=s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately
describes the particular offense for which the defendant is tried.”  Id.  

To
support Appellant’s conviction for indecency with a child, the State was
required to prove that Appellant, with the intent to arouse or gratify his
sexual desire, exposed his genitals knowing that a child younger than seventeen
years of age was present.  Tex. Penal
Code Ann. § 21.11(a)(2)(A) (Vernon 2003 & Vernon Supp. 2010).  

Analysis

Appellant
argues that the evidence is insufficient to establish that he exposed his
genitals knowing that a child younger than seventeen years old was present. 
Instead, he claims that he merely acted recklessly.  Appellant concedes that the
evidence is sufficient to show that he exposed himself to M.G., but he argues
that the evidence does not show that he knew M.G.’s son was present at the time. 
As support for Appellant’s lack of knowledge of the presence of the child,
Appellant points to two extraneous offenses referenced by two other adult
women.  Approximately a week before his demonstration for M.G., Appellant drove
by a woman in a Target parking lot.  The woman saw that Appellant was
masturbating.  Also, later in the day after his demonstration for M.G.,
Appellant drove by a woman in a Lowe’s parking lot.  Again, the woman saw that
Appellant was masturbating.

Appellant
is correct that the evidence shows that he may have been more interested, or
perhaps even only interested, in M.G.’s seeing his conduct.  But the State
presented evidence that M.G.’s son witnessed Appellant’s conduct also and that
Appellant knew it.  First, Appellant was driving beside M.G. for several minutes. 
M.G. was able to see that Appellant was alone.  A fact finder could reasonably
infer that Appellant was able to see that M.G. was not.  Second, M.G.’s son
testified that he made eye contact with Appellant.  Third, M.G.’s son further
testified that he was sitting farther up than M.G., and thus, his view of
Appellant’s conduct was better than M.G.’s view.  Appellant’s knowledge that
the child was present can be inferred from this evidence.  See Casper v.
State, 634 S.W.2d 39, 40 (Tex. App.—Tyler 1982, no pet.) (standing in
front of open window fondling exposed genitals in open view of children is
attention-getting conduct from which knowledge and intent can be inferred).  

Appellant
also makes arguments about the configuration of the automobiles, the ability of
the child to see him, and, more importantly, his ability to know that the child
was present.  The fact finder was in the best position to resolve these kinds
of issues.  Having examined the aforementioned evidence in the light most
favorable to the verdict, we conclude that the fact finder could have
determined beyond a reasonable doubt that Appellant committed the offense of
indecency with a child.  See Williams, 235 S.W.3d at 750.  Therefore,
we hold that the evidence is sufficient under the Jackson v. Virginia
standard to support the trial court’s judgment.  We overrule Appellant=s sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

                                                                   Brian
T. Hoyle

                                                                                             
Justice

 

 

Opinion
delivered May 11, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












                [1] 443
U.S. 307, 315B16, 99
S. Ct. 2781, 2786B87,
61 L. Ed. 2d 560 (1979).