STATE OF NEBRASKA, APPELLEE, v. WILBER L. SEARS, APPELLANT.

155 N. W. 2d 332

Filed December 22, 1967. No. 36592.

Michael McCormack, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant was convicted of burglary and sentenced to 10 years' imprisonment as a habitual criminal. His motion for new trial was overruled and he has appealed.

The record shows that the Charles Trofholz residence near Omaha, Nebraska, was burglarized at about 4 p.m. on September 26, 1966. The crime was in progress when a neighbor boy, Allen Kerr, called at the Trofholz home to see one of the Trofholz boys. As Allen approached the front door of the Trofholz home, the door opened and the defendant started out. When the defendant saw Allen, the defendant "jumped back in" the house and left by a rear door. Allen saw the defendant run or "trot" around the east side of the house and then enter a Plymouth automobile and drive away.

A few minutes later Allen and his brother Brian saw the Plymouth automobile pass in front of the Trofholz

residence. Brian went around the block and saw the Plymouth automobile parked to the west of the Trofholz home with the defendant sitting in the driver's seat. The defendant drove away and Brian memorized the license number.

The defendant was traced to 4870 Saratoga Street through the registration number of the Plymouth automobile. The defendant and Raymond Badami were apprehended by sheriff's officers near this address at about 6:30 p.m.

The defendant and Badami were then taken to the vicinity of the Trofholz home where the defendant was identified by both Allen and Brian.

At the time the identification was made, the defendant and Badami were seated in the rear of an automobile. Two sheriff's officers dressed in plain clothes were seated in the front of the automobile. Allen and Brian were brought out to the automobile, separately, and asked to look at two suspects and state whether they had ever seen them before. Both Allen and Brian identified the defendant while he was seated in the automobile. The defendant was later placed in front of the headlights of the automobile and viewed by both boys. After the identification had been made, Badami was released.

Allen and Brian testified at the trial and identified the defendant as the man whom they had seen at the Trofholz home at the time of the burglary.

The defendant's principal assignments of error relate to the identification of the defendant made by Allen and Brian. The defendant contends that the confrontation which took place after the defendant had been arrested was a denial of the defendant's constitutional right to due process of law.

The rule stated in United States v. Wade, 388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149, is not applicable in this case because the confrontation took place be-

fore June 12, 1967. Stovall v. Denno, 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. 2d 1199.

Where the totality of the circumstances surrounding the confrontation shows that it was not "unnecessarily suggestive and conducive to irreparable mistaken identification," the defendant has not been denied due process of law. Stovall v. Denno, *supra*. We think the evidence shows that the confrontation made in this case was not a denial of due process. The assignments of error are without merit.

The defendant further complains that the prosecuting attorney was guilty of misconduct by introducing testimony which was irrelevant. A deputy sheriff testified that he had received subpoenas for Diane John and Vicky John at 4807 Saratoga Street, but that the subpoenas could not be served at that address and had not been served. Captain Shears, another sheriff's officer, testified that he had interviewed Diane John and Vicky John and obtained statements from them as a part of his investigation. The defendant argues that the testimony of Captain Shears was irrelevant and was intended to create an inference that Diane John and Vicky John had implicated the defendant. At best, the argument is speculative.

The testimony of Captain Shears was received without objection or motion to strike, and the defendant did not move for a mistrial. Although the evidence may have been irrelevant, it was not prejudicial. If the error had been preserved, a reversal would not be required. Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649.

The evidence was clearly sufficient to sustain the judgment of the district court which is affirmed.

AFFIRMED.