**Melvin William HOMAN, Petitioner,**

v.

**Maurice SIGLER, Warden, Respondent.**

**Civ. No. 1197L.**

United States District Court
D. Nebraska.

March 15, 1968.

Richard L. Schmeling, Lincoln, Neb., for petitioner.

C. C. Sheldon, Asst. Atty. Gen., of the State of Nebraska, Lincoln, Neb., for respondent.

## MEMORANDUM AND ORDER

VAN PELT, District Judge.

This case is before the court for the second time. A previous opinion was filed herein on October 31, 1967, Haman v. Sigler, 278 F.Supp. 201 (D.Neb.1967). In that opinion the court found that petitioner was entitled to an evidentiary hearing to determine the voluntariness of his statements, despite his failure to object, but that the initial hearing making such determination should occur in the state courts. This court then entered an order directing that petitioner be released ninety days after date unless he was afforded an adequate evidentiary hearing in the state court or granted a new trial.

In order to get the matter before the state court, and within the ninety days, petitioner, through his attorney, filed a motion to vacate in the Douglas County District Court under Nebraska's post-conviction procedure. The state, acting through the county attorney, filed a response to petitioner's motion which requested "the Court to overrule the defendant's Motion to Vacate on the grounds that this is a successive motion to vacate the judgment in direct contravention" of Nebraska's post-conviction law. The court dismissed the motion on the grounds that it was a successive mo-

tion; that the questions presented had previously been considered by the Nebraska Supreme Court and the Douglas County District Court on a previous motion; and that "there is nothing for this Court to rule upon in connection with the defendant's Motion presently before the Court."

After the expiration of the time limit set forth in the previous order, counsel for petitioner demanded his release from incarceration on the basis that a hearing was not held as ordered by this court. Upon the State's refusal to release the petitioner, petitioner's counsel filed the motion now under consideration requesting this court to enforce its previous order, or in the alternative, make a determination that petitioner's statement was involuntary and grant the writ. Attached to this motion was a copy of the motion, response and order filed in the state court. The respondent has admitted that the copies attached to petitioner's motion are accurate.

■ In the argument on this motion, counsel for the respondent indicated his agreement that the state court had not held the voluntariness hearing required by the previous order of this court. However, in a subsequent letter to the court, counsel indicates that he has "about come to the conclusion that the state officials may have thought that they were complying with the terms of your order." In view of the holding reached by the state court and particularly that part which states "there is nothing for this Court to rule upon in connection with the defendant's Motion presently before the Court," this court is of the opinion that the state court did not hold the full, fair, adequate hearing contemplated by the previous order of this court.

This court is now faced with the difficult question of determining the course of action to be followed in the face of the State's failure to grant the evidentiary hearing. In its previous order, the court required petitioner's release unless, within ninety days, a hearing to determine voluntariness was held or a new

trial granted. Such a disposition was supported by ample authority. U. S. ex rel. Dickerson v. Rundle, 363 F.2d 126, 130 (3 Cir. 1966); Owens v. Cavell, 254 F.Supp. 154, 155 (M.D.Penn.1966); Trotter v. Stephens, 241 F.Supp. 33, 49 (E.D.Ark.1965); and United States ex rel. Reis v. Leppig, 256 F.Supp. 881, 886 (S.D.Fla.1966) are all cases in which orders were entered allowing the writ unless the state court gave the respective petitioners relief.

In Rogers v. Richmond, 365 U.S. 534, 547–549, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961) the Court, upon determining that the state trial court had used a constitutionally impermissible standard in determining voluntariness, ordered that petitioner either be retried or released. The Court specifically refused to decide the question of voluntariness or allow it to be decided by the federal district court.

In Jackson v. Denno, 378 U.S. 368, 396, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), the Court said: "Accordingly, the judgment denying petitioner's writ of habeas corpus *is reversed and the case is remanded* to the District Court to allow the State a reasonable time to afford Jackson a hearing or a new trial, failing which Jackson is entitled to his release." The *Jackson* case modified *Rogers* to the extent that the state courts were given another alternative, namely, to hold a voluntariness hearing, in addition to the choices of a new trial or release.

In Boles v. Stevenson, 379 U.S. 43, 85 S.Ct. 174, 13 L.Ed.2d 109 (1964), the Supreme Court reached the following conclusion: "Hence we agree with the Court of Appeals that the writ should issue. But it does not follow that the State is required to order a new trial. As we held in *Jackson,* supra, where a state defendant has not been given an adequate hearing upon the voluntariness of his confession, he is entitled to a hearing in the state courts under appropriate procedures and standards designed to insure a full and adequate resolution of this issue. 'A state defendant should have the opportunity to

**406**

have all issues which may be determinative of his guilt tried by a state judge or a state jury under appropriate state procedures which conform to the requirements of the Fourteenth Amendment.' Rogers v. Richmond, 365 U.S. 534, 547–548, 81 S.Ct. 735 [, 743], 5 L.Ed.2d 760. Accordingly the judgment below is modified and the case is remanded to the District Court to allow the State a reasonable time to afford Stevenson a hearing or a new trial, failing which *Stevenson* is entitled to his release." 379 U.S. 45–46, 85 S.Ct. 176. It should be pointed out that the Court of Appeals had reached its decision in Stevenson on the basis that the practice followed by the state court did not comport with the Fourteenth Amendment and did not reach the issue of voluntariness of the confession.

In Sims v. State of Georgia, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (1966) the Court said:

"A constitutional rule was laid down in * * * [Jackson] that a jury is not to hear a confession unless and until the trial judge has determined that it was freely and voluntarily given. * * * Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity. * * * [The Jackson] rule is, as we have said, a constitutional rule binding upon the States and, under the Supremacy Clause of Article VI of the Constitution, it must be obeyed." (543, 544, 87 S.Ct. 643)

The Court then reversed the Georgia judgment and remanded it for a *Jackson* hearing.

In Kirk v. State of Wyoming, 389 U.S. 53, 88 S.Ct. 245, 19 L.Ed.2d 52 (1967), the Court reversed a Wyoming case on the basis of *Jackson* and *Sims*, and remanded it for further proceedings not inconsistent with those opinions. This was done in a very short per curiam opinion. The state court opinion indicates that no contemporaneous objection

was made to the admission of Kirk's confessions but that the trial court had held a limited hearing on the statements outside of the presence of the jury "in an abundance of caution." Kirk v. State, 421 P.2d 487, 490 (Wyo.1967).

However, the precise question presented to this court by the State's failure to act has, so far as this court can determine, never before been decided. A closely analogous case was presented to the Supreme Court in the second appeal in Sims v. State of Georgia, 389 U.S. 404, 88 S.Ct. 523, 19 L.Ed.2d 634 (1967). Sims v. State of Georgia, supra, when before the Court in 1966, had been reversed and remanded to allow the state to hold a voluntariness hearing or grant Sims a new trial. The Georgia courts refused to do either, and held that there was sufficient evidence in the record to show that the confession was voluntary. The Court summarily decided this case on the basis that: "The State had every opportunity to offer the police officers, whose failure to testify had already been commented upon here, to contradict petitioner's version of the events. Its failure to do so when given a second chance lends support to the conclusion that their testimony would not, in fact, have rebutted petitioner's." (406, 88 S.Ct. 525)

It appears to this court that, in the second *Sims* appeal the Supreme Court has held that, once a habeas corpus petitioner has made out a prima facie case of involuntariness of a confession whereby Jackson v. Denno, supra, applies, the petitioner will be released unless the state grants him a voluntariness hearing or a new trial. Whether this is achieved by saying that failure to rebut petitioner's claim supports a conclusion that his version is true or it is achieved as simply a matter of course is irrelevant.

In so ruling, this court is aware of the statement of the Supreme Court in Henry v. State of Mississippi, 379 U.S. 443, 452, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965) to the effect that state courts are not required to consider questions where proper objection was not made, even though a federal habeas corpus court may

have to. However, the validity of this statement in the area governed by Jackson v. Denno, supra, is in grave doubt in light of the Court's subsequent action in the two *Sims* cases, supra, and in Kirk v. Wyoming, supra. This conclusion finds further support from the holding in Miranda v. State of Arizona, 384 U.S. 436, 479, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966), that waiver of the privilege against self-incrimination must be shown before confessions are admissible. In Johnson v. State of New Jersey, 384 U.S. 719, 731, 734, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the Court held that holdings of *Miranda* which were clearly foreshadowed by previous decisions were retroactive. It can reasonably be argued that Rogers v. Richmond and Jackson v. Denno clearly foreshadowed the above-noted holding from *Miranda*.

An authoritative decision of the proper disposition to be made in cases of this kind is to be desired. In the period of time since the prior order of the court in this case, the Nebraska Supreme Court has made note of the validity of the rule of waiver by failure to make contemporaneous objection in the following cases: State v. Whited, 182 Neb. 282, 154 N.W.2d 508 (Nov. 24, 1967); State v. Losieau, 182 Neb. 367, 154 N.W.2d 762 (Dec. 8, 1967); State v. Howard, 182 Neb. 411, 155 N.W.2d 339 (Dec. 29, 1967); State v. Sears, 182 Neb. 384, 155 N.W.2d 332 (Dec. 22, 1967). It is difficult to reconcile these decisions with *Kirk, Miranda* and other cases mentioned and with the intent of the post-conviction law.

This court would again mention, lest there be some misunderstanding as to its position, the policy which it has consistently endeavored to follow in previous habeas corpus cases. First, that it should not interfere in the internal management of the prison unless there was clear abuse of constitutional rights, immunities or privileges. Second, because of the delicate relationship existing between the federal and state court systems, that an opportunity should first be furnished to the state courts to administer the state criminal laws within the standards of the United States and the State Constitutions.

Some of the reasons supporting this policy are selfish. The increase in habeas corpus petitions in the federal courts has been the subject of many reports and articles. This increase has not only caused crowded dockets in the federal courts but also has caused agitation and controversy over what should be the authority of the federal district courts. To lessen this agitation, this court has endeavored at all times to afford the state courts the opportunity of correcting their mistakes, if any, and of implementing the constitutional guaranties.

The federal courts should avoid, when possible, supplanting the state courts in holding these hearings. If full hearings were held, to paraphrase Mr. Justice Brennan, greater finality would inevitably attach to state court determinations of federal constitutional questions because further evidentiary hearings on federal habeas corpus would prove unnecessary.

It was with this in mind that the court entered its previous order in this case. It is with regret that the court reads the record showing, as the Attorney General concedes in oral argument, that a hearing was not granted on the issue of voluntariness.

If the state courts are unwilling to give the hearings which the Constitution requires, then the alternative is, and should be, to release the prisoner.

It is therefore ordered that petitioner, Melvin W. Homan, be released and permanently discharged from the custody of the respondent, Maurice Sigler, in his capacity as Warden of the Nebraska Penal and Correctional Complex, provided, however, that this order will be stayed pending the outcome of the appeal, if any is taken, from this order.

It is further ordered that the petitioner, Melvin W. Homan, be immediately brought before this court by the respondent for the purpose of allowing his release pending the outcome of any further proceedings in this case.