**UNITED STATES of America ex rel. Lloyd Eldon MILLER, Jr., Petitioner,**

**v.**

**Frank J. PATE, Warden of the Illinois State Penitentiary, Joliet Branch, Joliet, Illinois, Respondent,**

**People of the State of Illinois, by Roger W. Hayes, Special Attorney, Intervenor.**

**No. 63 C 1496.**

United States District Court
N. D. Illinois, E. D.

April 30, 1969.

---

Willard J. Lassers, William R. Ming, Jr., George Pontikes, Chicago, Ill., Ar-thur G. Greenberg, Peoria, Ill., Harry Golter, Robert M. Grossman, Chicago, Ill., for petitioner.

William G. Clark, Atty. Gen., State of Illinois, Chicago, Ill., for respondent.

Roger W. Hayes, DeKalb, Ill., for intervenor.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PERRY, District Judge.

This matter coming on to be heard on intervenor's motion for a Rule 60(b) hearing, petitioner's answer thereto, and intervenor's reply to said answer, the parties having filed their briefs and the court being fully informed in the premises, the Court hereby enters the following findings of fact supplementing the findings of fact entered March 20, 1967.

### Findings of Fact

1. On December 24, 1963, this Court entered judgment granting petitioner's habeas corpus petition and ordering the discharge of the petitioner from custody unless he was tried within four months. He was not retried within four months. The respondent filed notice of appeal from this Court's order on January 17, 1964. On April 10, 1964, the State moved to stay the order of this Court and stay was granted by the Seventh Circuit Court of Appeals on April 22, 1964. On February 15, 1965 the Court of Appeals reversed this Court, but on February 13, 1967, the Supreme Court reversed the Court of Appeals and affirmed this Court. The mandate of the Supreme Court was issued on March 10, 1967.

2. On remand to this Court on March 20, 1967, the Court freed petitioner and barred his retrial. At this hearing the Attorney General of Illinois, by his duly authorized representative, indicated his intent to abide by the order of this Court and not to appeal therefrom. He did not appeal therefrom.

3. On March 17, 1967, Special Attorney Roger W. Hayes was appointed by the Circuit Court of Hancock County

because the Honorable William Malmgren, then State's Attorney of Fulton County, was disqualified from appearing because he had been counsel for petitioner. Special Attorney Hayes appeared at the March 20, 1967 hearing. He appealed from the order of March 20, 1967, insofar as it denied leave to intervene and insofar as it barred petitioner's retrial.

4. On January 29, 1968 the United States Court of Appeals for the Seventh Circuit directed this court to permit intervenor to intervene for the purpose of challenging the authority of the District Court to enjoin the People of the State of Illinois from further prosecution of petitioner.

5. On November 14 and December 12, 1968 this court entered orders in conformity with the order of the Court of Appeals. Thereafter intervenor filed a motion for hearing under Rule 60(b) of the Federal Rules of Civil Procedure. Said motion asked the Court to vacate the portion of its order of March 20, 1967 barring further prosecution of petitioner. It did not designate any specific one of the six grounds set out in Rule 60(b) as the ground for the motion.

6. Petitioner filed an answer and a brief. Intervenor filed a reply.

7. The Honorable William Malmgren was defeated for re-election as State's Attorney of Fulton County in the November, 1968 general election. His successor, the Honorable Robert A. Downs, was duly sworn into office on or about December 2, 1968. Such successor has had no connection with the case at bar and is not disqualified from acting.

8. In consequence of a 1956 conviction set aside by this court in 1963, petitioner was incarcerated for over eleven years (1955–1967). He was under death sentence for over ten years. Seven execution dates were fixed, and ten stays granted. On two occasions petitioner became mentally ill and was transferred to a psychiatric unit. In 1967, when the Supreme Court reversed his conviction, it held that the prosecution had deliberately misrepresented the truth regarding certain evidence.

### Conclusions of Law

■ These conclusions of law supplement the conclusions of law entered March 20, 1967:

1. Because of change in circumstances since the January 29, 1968 Court of Appeals order, grounds no longer exist under Ill.Rev.Stat. (1967) c. 14, § 6, for the appointment of Roger W. Hayes as special counsel.

2. It would violate petitioner's rights to due process of law under the Fourteenth Amendment, and to a speedy trial under the Sixth Amendment, to compel him to stand trial again.

3. The time within which petitioner might have been retried under the order of December 24, 1963 has expired.

4. The controlling statute is 28 U.S. C. § 2243, which directs the Court to dispose of habeas corpus matters as "law and justice require". Under this statute this court had power, and properly exercised it, to bar petitioner's retrial.

5. Intervenor's motion for a Rule 60 (b) hearing advances no sustainable ground for such hearing and no such hearing is therefore required.

### ORDER

This matter coming on to be heard on intervenor's motion for a Rule 60(b) hearing, petitioner's answer thereto, and the reply of intervenor to said answer, and on intervenor's motion to compel admissions, petitioner's objection and intervenor's response, and the court being fully informed in the premises,

It is hereby ordered that:

1. The motion for a Rule 60(b) hearing is denied.

2. The motion to compel admissions is denied.