**Duane O. JOY, Ray Martin, and Harriet Ceteznik Knight, Appellants,**

v.

**UNITED STATES of America, Appellee.**

Nos. 23546, 23547.

United States Court of Appeals Ninth Circuit.

Sept. 23, 1969.

Orvin H. Messegee, Seattle, Wash., for Joy.

George Vogt, Kodiak, Alaska, for Martin.

Marvin S. Frankel, U. S. Atty., A. Lee Petersen, Asst. U. S. Atty., Anchorage, Alaska, for appellee.

Before BARNES and HUFSTEDLER, Circuit Judges, and KILKENNY, District Judge.*

PER CURIAM:

Appellants jointly urge two errors on this appeal from their conviction on several counts of dealing with fraudulent securities, mail fraud, and a conspiracy in connection therewith. They assert *first:* that they were denied a speedy trial, and *second:* that the district court erred in refusing to suppress certain evidence illegally seized by a representative of the Securities Exchange Commission.

Appellants' second point raised has already been passed upon and decided

* Hon. John F. Kilkenny, United States District Judge, Portland, Oregon, sitting by designation.

adversely to appellants in a companion case—the appeal of the joint defendant Knight. *Cf.* United States v. Knight, 412 F.2d 292 (9th Cir.), decided June 24, 1969. This court upheld the trial court's finding that such records had been abandoned by defendants. (Tr. 1134.)

Appellants' second point has no merit. They concede that if trial delay is created by action of the defendant, then that time is not counted when a motion to dismiss for failure to provide a speedy trial is considered.

After indictment on January 19, 1966, the trial was set for May 9, 1966. Motions on behalf of defendants delayed the trial until August 3, 1966. At that time the prosecution was ready for trial, but defendant Joy failed to appear, claiming illness. After a medical examination, a bench warrant was issued for his arrest, and trial was set for January 6, 1967.

Thereafter codefendant Knight moved for a change of venue to the District of Washington. *Both defendants supported this motion,* (C.T. 136) with knowledge it would cause at least three months' delay (C.T. 157). The motion was granted, but after a hearing on the transfer in the District of Washington, which was opposed by appellants, and further delay of the trial requested (C.T. 156), the case was retransferred to Alaska, and on August 8, 1967, the case was set for trial on December 11, 1967. Codefendant Knight moved a second time for a change of venue (C.T. 191). This was denied, and the action tried, commencing February 13, 1968.

These defendants never moved or requested the trial be set, or opposed a continuance. The Government never asked for or obtained delay, or pursued it for advantage.

The defendants not only actively sought delay, but continuously acquiesced to any and all delays, and cannot now complain.

We affirm the convictions.