**UNITED STATES of America ex rel. Lloyd Eldon MILLER, Jr., Petitioner-Appellee,**

v.

**Frank J. PATE, Warden, Respondent-Appellee,**

**People of the State of Illinois, Intervenor-Appellant.**

**No. 17779.**

United States Court of Appeals, Seventh Circuit.

June 23, 1970.

William J. Scott, Atty. Gen., Chicago, Ill., Joel M. Flaum, James R. Thompson, Thomas J. Immel, Asst. Attys. Gen., of counsel, for appellant.

George C. Pontikes, William R. Ming, Jr., Willard J. Lassers, Harry Golter, Robert M. Grossman, Chicago, Ill., Arthur Greenberg, Peoria, Ill., for appellee.

Before HASTINGS, Senior Circuit Judge, and FAIRCHILD and CUMMINGS, Circuit Judges.

PER CURIAM.

The critical issue on this appeal is whether the United States District Court for the Northern District of Illinois, having granted habeas corpus relief on an evidentiary matter to a prisoner of the State of Illinois, once convicted of the rape-murder of an eight-year-old girl, may at the same time issue a restraining order forever barring a retrial of the habeas corpus petitioner by the State of Illinois.

We briefly summarize the course of the preceding litigation leading to the present appeal.

On August 21, 1963, petitioner Lloyd Eldon Miller, Jr., was under a death sentence resulting from a jury verdict of guilty of murder following a brutal sexual attack on a female child. The

(1958). A first federal habeas corpus application was unsuccessful. Miller v. judgment of conviction was affirmed by the Supreme Court of Illinois, People v. Miller, 13 Ill.2d 84, 148 N.E.2d 455 Pate, 7 Cir., 300 F.2d 414 (1962). Subsequently, petitioner filed a second federal habeas corpus application. After a hearing, the district court granted the writ and ordered petitioner's release or a prompt retrial. United States ex rel. Miller v. Pate, D.C.N.D.Ill., E.D., 226 F. Supp. 541 (1963). On appeal, we reversed. United States ex rel. Miller v. Pate, 7 Cir., 342 F.2d 646 (1965). The Supreme Court granted certiorari, 384 U.S. 998, 86 S.Ct. 1935, 16 L.Ed.2d 1013 (1966). The Court reversed our judgment on the sole ground that petitioner's state criminal conviction was obtained by the state's knowing use of false evidence and remanded the case for further proceedings consistent with its opinion. Miller v. Pate, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690 (1967).

On remand, on March 20, 1967, the district court, the Honorable J. Sam Perry, District Judge, presiding, ordered petitioner discharged from custody and permanently restrained the State of Illinois from retrying petitioner on the rape-murder charge. Mr. Roger W. Hayes, with the knowledge and consent of the Attorney General of Illinois, was appointed Special Attorney for the People of the State of Illinois, by the Circuit Court of Hancock County, Illinois (where petitioner had been tried), to challenge the propriety of the restraining order. He sought and was denied leave by the district court to intervene in the proceedings on behalf of the People. A notice of appeal was filed by the People, and on April 19, 1967, District Judge Richard B. Austin issued a certificate of probable cause.

On January 29, 1968, in No. 16311, we vacated the restraining order and remanded the case to the district court with directions that the People of the State of Illinois, by their Special Attorney Hayes, be given leave to intervene "for the purpose of challenging the authority of the district court to enjoin the People of the State of Illinois from further prosecution of petitioner-appellee on the criminal charge now pending in the State Courts of Illinois, or to challenge said injunctive order or any other ground * * * [and that] the District Court shall conduct an appropriate hearing on such issues and enter judgment with the right of appeal to this Court by any party or intervenor-appellant, People of the State of Illinois * * *."

On remand, the petition of intervenor-appellant for a rehearing on the restraining order was denied on April 30, 1969, 299 F.Supp. 418. This appeal is from that order.

Subsequently, Special Attorney Hayes was relieved of his appointment by the Hancock Circuit Court. Hayes thereupon sought leave to withdraw from this case and suggested that the Attorney General of Illinois be substituted. On September 26, 1969, we ordered that William J. Scott, Attorney General of the State of Illinois, be substituted as attorney for the intervenor-appellant in place of Special Attorney Hayes.

It should first be noted that petitioner has been at liberty since he was discharged from custody by the district court on March 20, 1967. No one has questioned this action on appeal and it is not now before us. We were last advised that he was residing in California.

The State of Illinois has given no intimation whether it has any plan or intention to retry petitioner even if it is free to do so. It is deeply concerned with being under federal restraint so that it may not exercise its own considered judgment in the matter. It asserts the right and seeks the privilege of assessing such questions as petitioner's claim of being denied a speedy trial and other related matters. We have no reason to believe that petitioner would be denied due process in the courts of Illinois.

Our reading of the opinion of the Supreme Court, 386 U.S. 1, 87 S.Ct. 785, 17 L.Ed.2d 690, *supra,* and consideration

of the record on this appeal leads us to the fixed conclusion that no inference may be drawn therefrom that would authorize the district court to permanently enjoin the State of Illinois from retrying petitioner. No case has been cited to us, and we have found none, where such authority has been exercised by a federal district court in a state criminal prosecution. It is our judgment that the delicate balance so essential to the proper nourishment of federal-state relationships has been unduly disrupted in this case. We have complete confidence in the judicial integrity of the Illinois judiciary to see that petitioner's rights will be carefully guarded and protected in the light of what has now transpired.[1] And, above all, we deem it essential that such right remains unimpaired until the State of Illinois has been given a free choice to chart its own course.

In short, under the record now before us, we hold that the district court erred in restraining the People of the State of Illinois from further prosecuting petitioner-appellee on the criminal charge now pending in the state courts of Illinois.

We have considered petitioner's motion to dismiss this appeal or to affirm the decision below and now deny the same.

Finding no valid reason for a remandment of this cause to the district court and having concluded that further steps, *if any*, must await the action of the state courts of Illinois, no such remandment is ordered.

The permanent injunctive order entered below against the People of the State of Illinois or the State of Illinois, however the styling may be, is now reversed.

Reversed.

---

1. See Atlantic Coast Line R. R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 90 S.Ct. 1739, 26 L.Ed.2d 234 (June 8, 1970); Greenwood v. Peacock, 384 U.S. 808, 826–828, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966); Dombrowski v. Pfister, 380 U.S. 479, 484–485, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); and Amalgamated Clothing Workers v. Richman Bros., 348 U.S. 511, 518, 75 S.Ct. 452, 99 L.Ed. 600 (1955).