Cecil Clayton **LILLIBRIDGE**, Petitioner,

v.

Harold R. **SWENSON**, Warden, Missouri State Penitentiary, Jefferson City, Missouri, Respondent.

Civ. A. No. 19035–3.

United States District Court,
W. D. Missouri, W. D.

March 22, 1971.

Cecil Clayton Lillibridge, pro se.

Kenneth M. Romines, Asst. Atty. Gen., State of Missouri, Jefferson City, for respondent.

## JUDGMENT DENYING · PETITION FOR HABEAS CORPUS

WILLIAM H. BECKER, Chief Judge.

Petitioner, a state convict confined in the Missouri State Penitentiary, petitions this Court for a writ of federal habeas corpus adjudicating as invalid his state convictions of robbery in the first degree. Petitioner also requests leave to proceed in forma pauperis. Leave to proceed in 'forma pauperis has been previously granted.

Petitioner pleaded guilty to each of the two charges of first degree robbery herein involved in 1960. In 1965, he moved to vacate both of the sentences by means of a motion under Rule 27.26 of the Missouri Rules of Criminal Procedure, V.A.M.R. The motion was denied and the denial was affirmed by the Missouri Supreme Court (State v. Lillibridge, Mo., 399 S.W.2d 25). Thereafter, petitioner petitioned for habeas corpus in this Court, and on April 17, 1968, this Court ordered the convictions on the two above charges vacated (along with three other convictions entered on petitioner's pleas of guilty thereto), finding that the guilty pleas had not been knowingly and voluntarily entered and ordered petitioner discharged unless his cases were redocketed for trial within 60 days (Lillibridge v. Swenson (W.D.Mo.) Civil Action No. 1173). Thereafter, on the new trials, petitioner was convicted in the Circuit Court of Cole County of the two offenses of robbery in the first degree and was sentenced on one conviction on May 23, 1969, to a term of eight years' imprisonment, and on the other conviction on June 19, 1969, to a term of nine years' imprisonment. Petitioner

appealed from the judgments of conviction and impositions of sentences to the Missouri Supreme Court and the Missouri Supreme Court affirmed the convictions and sentences on appeal. State v. Lillibridge, Mo., 459 S.W.2d 288 (Nos. 54,814 and 54,820, November 9, 1970).

In the petition at bar, petitioner states the following as grounds for his allegation that he is presently being held in custody unlawfully:

"(a) Petitioner's rights to due process of law under the Fourteenth Amendment and to a speedy trial under the Sixth Amendment were violated when the State of Missouri failed and refused to cause the criminal actions in cases numbered 5705, 5706, 5707, 5708 and 5709 to be placed on the trial docket of the Circuit Court of Cole County for a new arraignment and trial within the sixty (60) day period specified in this Court's order of April 17, 1968, granting habeas corpus relief in Cause No. 1173, without an extension of said sixty (60) day period of time being sought or granted before the expiration of said period. United States ex rel. Miller v. Pate, [D.C.] 299 F.Supp. 418; Homan v. Sigler, [D.C.] 283 F. Supp. 404.

"(b) Petitioner's right to due process of law under the Fourteenth Amendment and to a speedy trial under the Sixth Amendment were violated when the State of Missouri failed and refused to cause petitioner to be finally discharged from prosecution on the informations in criminal causes numbered 5705, 5706, 5707, 5708 and 5709 after sixty (60) days had elapsed and the order of this Court in Cause No. 1173, filed April 17, 1968, requiring said criminal actions to be placed on the trial docket of the Circuit Court of Cole County within sixty (60) days had not been complied with and no extension of the sixty

(60) day period of time had been sought or granted in said cause before the expiration of said period. United States ex rel. Miller v. Pate, [D.C.] 299 F.Supp. 418; Homan v. Sigler, [D.C.] 283 F. Supp. 404.

"(c) Petitioner's right to due process of law under the Fourteenth Amendment and to a speedy .trial under the Sixth Amendment were violated by the State of Missouri during the period April 17, 1968 through March 31, 1969, in Cole County Cause No. 5708, and during the period April 17, 1968 through May 23, 1969, in Cole County Cause No. 5709. Klopfer v. North Carolina, 386 U.S. 213 [87 S.Ct. 988, 18 L.Ed.2d 1]; Smith v. Hooey, 393 U.S. 374 [89 S.Ct. 575, 21 L.Ed.2d 607]; Dickey v. Florida, [398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26] No. 728, Oct. Term 1969, May 25, 1970."

Petitioner states the following as facts in support of the above allegations:

"On the date of April 17, 1968, this Court issued its order in Cause No. 1173, adjudging the convictions in Cole County Circuit Court Cause Nos. 5705, 5706, 5707, 5708 and 5709 to be void and annulled.

\* \* \* \* \* \*

"The Court further ordered petitioner to be finally discharged from prosecution on the informations in said criminal actions, unless, *within sixty (60) days*, the State of Missouri caused said criminal actions to be placed on the trial docket of the Circuit Court of Cole County for a new arraignment and trial. (Emphasis petitioner's.)

"Subsequently, and on the date of April 25, 1968, petitioner was transferred to the Cole County Jail from the Missouri State Penitentiary. Said transfer was effected without warrant.

"Thereafter and on April 29, 1968, petitioner was taken before the Magistrate Judge of Cole County. At that time bail was purportedly fixed by said Magistrate Judge.

"Thereafter and on the date of June 17, 1968, petitioner was brought before the Circuit Court of Cole County; counsel was appointed and bail was fixed in each case.

"All proceedings in the Circuit Court of Cole County on June 17, 1968, occurred sixty-one (61) days after the mandate of this Court (containing the sixty (60) day limiting factor) was filed in Cause No. 1173. No proceedings of any kind were held in the Circuit Court of Cole County regarding the criminal actions aforesaid prior to the date of June 17, 1968.

"As of June 17, 1968, no extension of the sixty (60) day period of time provided in the order granting habeas relief had been sought or granted in Cause No. 1173.

"Thereafter and on the date of July 15, 1968, petitioner was again brought before the Circuit Court of Cole County, but arraignment on the charges was continued to August 19, 1968. No further action was taken in the cases until:

"On the date of January 20, 1969, petitioner was arraigned and pleas of not guilty were entered in the Circuit Court of Cole County in Cause Nos. 5705, 5706, 5707, 5708 and 5709.

"Thereafter and on the date of February 4, 1969, petitioner entered a plea of guilty to the charge of 'escape' in Cause No. 5705, and was sentenced to a term of three (3) years imprisonment in the Missouri Department of Corrections. On that date petitioner was transferred to the Missouri State Penitentiary from the Cole County jail.

"Thereafter and on the date of March 31, 1969, after trial by jury, petitioner was convicted of the offense of 'Robery in the first degree' in Cause No. 5708; punishment was assessed at imprisonment for a term of eight (8) years. Sentence was pronounced on May 23, 1969.

"Thereafter and on the date of May 23, 1969, after trial by jury, petitioner was convicted of the offense of 'Robbery in the first degree' in Cause No. 5709; punishment was assessed at imprisonment for a term of nine years. Sentence was pronounced on June 19, 1969.

"The order of this Court in Cause No. 1173 returned the original informations to the jurisdiction of the Circuit Court of Cole County on the date of April 17, 1968, during the February 1968 term of circuit court.

"Trial was held on the charge in Cause No. 5708 during the February 1969 term of circuit court.

"Trial was held on the charge in Cause No. 5709 during the May 1969 term of circuit court.

"During the foregoing period of time, the following additional proceedings were had in the aforesaid criminal actions:

"On the date of June 4, 1968, the prosecuting attorney filed amended informations in the causes. In addition to the original charge, each amended information, for the first time, charged the defendant with violation of the Second Offender's Act, RSMo 556.280.

"Defendant was held in the Cole County jail without any record of commitment until January 23, 1969, for a period of 274 days. The records of the Cole County jail indicate defendant was arrested on the date of January 23, 1969.

"Jurisdiction in the criminal actions aforesaid was returned to the Circuit Court of Cole County on the date of April 17, 1968, when the order of this Court in Cause No. 1173 was filed.

"Jurisdiction by the Circuit Court of Cole County was lost on the date of June 16, 1968, when the State of Missouri failed to cause the criminal actions aforesaid to be placed on the

trial docket of the circuit court within the sixty (60) day period specified in this Court's order in Cause No. 1173.

"The criminal actions aforesaid were placed on the trial docket of the Circuit Court of Cole County for a new arraignment and trial on the date of June 17, 1968, sixty-one (61) days after the order of this Court in Cause No. 1173."

With respect to petitioner's contentions (a) and (b), involving his not being "discharged from prosecution" and his not having the charges against him reinstated on the state court docket until 61 days after the order of this Court in Civil Action No. 1173, petitioner has previously raised these contentions by way of a postjudgment motion in Civil Action No. 1173 and in a prior petition for habeas corpus in this Court, Lillibridge v. Swenson (W.D.Mo.) Civil Action No. 18239–3. In the latter case, it was stated by this Court that:

"In its notice entered in Civil Action No. 1173 on July 30, 1968, this Court deemed those facts [stated by petitioner, the same facts as stated above] to represent substantial compliance by the State of Missouri with the order of this Court of April 17, 1968 [insofar as it pertained to the time of redocketing of the cases]. In so deeming, this Court stated as follows:

'Petitioner's own statements show that the State of Missouri complied with this Court's order by reinstating the five informations on the trial docket of the Circuit Court of Cole County. This conclusion is substantiated by the fact that he was taken before a magistrate for the purpose of setting bail. Therefore, there has been substantial, if not strict, compliance, with this Court's order of April 17, 1968.'

"It is now petitioner's contention that no substantial compliance was made by the State of Missouri with the order of April 17, 1968, because the fixing of bail in the Magistrate Court of Cole County 'was a complete nullity

for the reason that the Magistrate had no authority to fix bail in the Circuit Court.' In causing the petitioner's criminal cases to be redocketed for trial in the Circuit Court of Cole County, however, the State of Missouri complied with the order of April 17, 1968. In the notice of July 30, 1968, reference was made to the fixing of bail only as an allegation of petitioner which substantiated his allegation that his cases had been redocketed in the Circuit Court of Cole County. No independent significance was attached to that factual assertion as representing in itself compliance with the order of April 17, 1968. Further, in his petition in this case, petitioner states that bail was fixed in the Circuit Court of Cole County on June 17, 1968. Petitioner, therefore, has not stated any facts which indicate any noncompliance with the order entered April 17, 1968, in Civil Action No. 1173. Petitioner's request to reopen that case should be denied."

 Petitioner's first two contentions in the petition herein—that he was deprived of due process and a speedy trial by failure of the State of Missouri to place his cases back on the trial docket within 60 days and in the state's failure to discharge him from custody at the termination of 60 days from the entry of the order in Lillibridge v. Swenson (W.D.Mo.) Civil Action No. 1173— have thus twice been decided adversely to petitioner by this Court. This Court decided that these facts did not state the denial of any federal right in Civil Action No. 1173 and again in Lillibridge v. Swenson (W.D.Mo.) Civil Action No. 18239–3. The standards of Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, are applicable on the question of whether the determinations of Civil Action No. 1173 and Civil Action No. 18239–3 are of controlling weight in this action. In *Sanders, supra,* it was held that a prior determination in habeas corpus could carry controlling weight upon a subsequent determination when (1) the prior determina-

tion was on the same issue as that on which the subsequent determination is sought to be made; (2) the prior determination was on the merits; and (3) it would not be in the interests of justice to reach the merits of the subsequent petition. In his traverse of the response to the show cause order in the case at bar, petitioner asserts that he "has stated facts showing noncompliance with said order; Respondent has wholly failed to deny petitioner's allegations; relief should be granted." Petitioner has not stated any essential facts additional to those stated in Civil Action No. 1173 and Civil Action No. 18239–3, and it is clear that petitioner is, in this case, as in the former cases, relying on the passage of 61 days from the time of the initial judgment in Civil Action 1173 as the basis for the relief which he seeks. This issue has been previously determined twice to be without merit. The repeated filing of unmeritorious allegations constitutes an abuse of the writ of habeas corpus within the meaning of Sanders v. United States, *supra.* See also Kimbro v. Henderson (C.A.6) 429 F.2d 1319. Petitioner's first two allegations herein must therefore be denied on the controlling weight of the determinations in Civil Action No. 1173 and Civil Action No. 18239–3 and because the repeated re-assertion of the contentions without any further statement of additional illuminating facts constitutes an abuse of the writ of habeas corpus.

Because petitioner may have, however, in consideration of the foregoing and other facts, stated denial of his right to a speedy trial, it was noted in the order of this Court adjudging the petition in Civil Action No. 18239–3 denied that:

"* * * petitioner has an adequate state remedy by way of appeal from the convictions (possibly by first obtaining a special order of the Missouri Supreme Court to appeal out of time within a year of the conviction) or a motion to vacate, set aside or correct the sentences under Missouri Criminal Rule 27.26 in the sentencing court."

In the petition at bar, petitioner stated that, by means of his direct appeal to the Missouri Supreme Court and the adverse decision of the Missouri Supreme Court on that appeal in State v. Lillibridge, Mo., 459 S.W.2d 288 (Nov. 9, 1970, Nos. 54,814 and 54,820) he had exhausted his state remedies with respect to those cases in which he claimed otherwise that he had been denied a speedy trial. Therefore, with respect to that contention in those cases, this Court issued its show cause order herein on February 4, 1971, directing the respondent to show cause why the writ should not issue. In response, respondent, among other things, submitted the transcript of the trial court proceedings in both cases, the briefs on appeal and the opinion of the Missouri Supreme Court. In his traverse, petitioner did not deny the genuineness and accuracy of these documents.

From those documents and from the pleadings in the case at bar, it does not appear that petitioner has in fact exhausted his state remedies in respect of his contention that he was denied a speedy trial in violation of his federal rights. Under the rule of exhaustion set forth in White v. Swenson (W.D.Mo. en banc) 261 F.Supp. 42, it is true that a state prisoner may exhaust his state remedy by raising on direct appeal the same contention which is raised in the federal district court in his petition for federal habeas corpus. But petitioner has not raised the same contention in this Court which he raised in the Missouri Supreme Court. The precise contention raised on direct appeal in the Missouri Supreme Court, among others which were unrelated to the subject of the time in which trial was had, was as follows:

"The trial court erred in refusing to discharge defendant because he was not given a trial at the first term at which the defendant appeared, or even at the second term." (No. 54814)

"The trial court erred in refusing to discharge defendant because he was not given a trial at the first term at

which the defendant appeared, or even at the second term." (No. 54820)

Consequently, the Missouri Supreme Court, in considering petitioner's contention, dealt only with the contention of possible violations of Section 545.890 RSMo, V.A.M.S., requiring that an accused in confinement be brought to trial within two terms of court, or of Section 545.920 RSMo, V.A.M.S., limiting the time to three terms if there are more than two regular terms of court yearly. No contention of the denial of the federal right to a speedy trial was raised or was ruled on. But the two contentions of denial of right to speedy trial in violation of one's federal rights and of denial of one's rights under the above Missouri statutes are not identical. See Holland v. Swenson (W.D.Mo.) 313 F. Supp. 565, 573, where it is said of Section 545.890, *supra,* that it "does not control the determination whether, under federal standards, the petitioner was brought to trial within a reasonable time."[1] Petitioner has distinctly raised the denial of his *federal* right to a speedy trial in this Court, citing in his petition the federal authorities of Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1; Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L. Ed.2d 607; and Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26. Petitioner has not therefore exhausted his currently available state remedies in respect to his contention of denial of a speedy trial in these two cases.

■ Further, neither the facts stated by petitioner nor those shown in the transcript and records of the trial court show any violation of any federal right of petitioner. "There can be no doubt that if the petitioner * * * had repeatedly demanded that he be brought to trial, the State would have been under a constitutional duty to try him." Smith v. Hooey, *supra,* 393 U.S. 374, 377, 89 S.

Ct. 575, 576, 21 L.Ed.2d 607, 611. It is said in the same case that:

"[A]t least three basic demands of criminal justice [are sought to be furthered by the concept of speedy trial] * * * '[1] to prevent undue and oppressive incarceration prior to trial, [2] to minimize anxiety and concern accompanying public accusation and [3] to limit the possibilities that long delay will impair the ability of an accused to defend himself.' " *Id.,* 393 U.S. at 378, 89 S.Ct. at 577, 611, quoting from United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L. Ed.2d 627.

It was further established in United States v. Ewell, *supra,* that the time of delay alone is not in itself determinative of whether a petitioner has received a speedy trial. In that case it was stated:

"We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It

---

1. This case was affirmed by the United States Court of Appeals for the Eighth Circuit on November 12, 1970, "on the basis of the district court's opinion." Holland v. Swenson (C.A.8) 433 F.2d 909, 910.

secures rights to a defendant. It does not preclude the rights of public justice.' Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 576, 49 L.Ed. 950, [954]. 'Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances * * * The delay must not be purposeful or oppressive,' Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 486, 1 L.Ed.2d 393, [399]. '[T]he essential ingredient is orderly expedition and not more speed.' Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041, [1048]." 383 U.S. at 120, 86 S.Ct. at 776, 15 L. Ed.2d at 631.

As the Missouri Supreme Court found, the reason for the delay in this case was that the trial judge found it necessary to disqualify himself on January 20, 1969, because he had been the prosecutor at the time the cases were originally tried in 1960. Then, after the cases were transferred to another judge, one trial began on March 31, 1969, and the other on May 23, 1969. The delays were thus approximately a year in both cases. Certainly, the progression of the case to trial at a deliberate speed commensurate with the need to find an appropriate judge and to have the case take its regular turn on the docket is within the standards set out above. In his traverse, petitioner states the following in support of his contention that these cases were not tried with deliberate speed:

"A close examination of the state court record will reveal that these grounds are nothing more than a flimsy excuse wholly inadequate to justify the lengthy, unexplained delay in proceeding to trial earlier. As stated previously, the Circuit Court of Cole County acquired jurisdiction of the causes on April 18, 1968, during the February term of circuit court. The circuit judge did not disqualify himself for over nine (9) months, until January 20, 1969, during the December term of Circuit Court. This was near the end of the *third full term* of court *after* the court acquired jurisdiction to try the cases and two (2) weeks short of the time the defendant would have been entitled to demand unconditional discharge on all charges pending against him. However, a special judge was appointed to try the cases during the same term of court, but, for some unexplained reason, the cases were not set down for trial until the following term of court, (March 31, 1969, in Cause No. 5708, and May 2, 1969, in Cause No. 5709). The May 2 setting falls on the Friday before the first day of the May term of circuit court and as a result the 'lack of time to try the case' excuse is built-in and available for further continuance at the expense of the defendant's Sixth Amendment rights. In cause No. 5708, the defendant was not tried until the *fourth* term and in Cause No. 5709, not until the *fifth* term *after* the court acquired jurisdiction." (Emphasis petitioner's.)

The cases were processed and tried, however, in an average time for cases of this type. Plaintiff has not stated, nor has he shown in the briefs nor does the record of the trials independently show, that petitioner was in any way prejudiced at the trial of these cases. There is no contention anywhere made or inferable from the transcript that the passage of time hindered or disabled petitioner in his ability to meet and confront the evidence against him or to present evidence in his own behalf. It is not contended either that petitioner was subject to undue and oppressive incarceration or that the pendency of the charges caused undue anxiety. It is necessary to a contention of denial of speedy trial that petitioner state and show prejudice in some one of the above forms. See United States v. DeLeo (C. A.1) 422 F.2d 487, 495. Petitioner has not done this. Petitioner rather states that the rule of Dickey v. Florida, *supra,* "indicates that a showing of actual prejudice is only required when the delay is not per se unreasonable." Under federal standards, however, the delay in these

cases is not per se unreasonable. Further, in *Dickey, supra,* the Supreme Court held that prejudice resulted as a matter of law from a delay of seven years. The magnitude of delay in this case does not approach that in *Dickey.* It more nearly approximates the permissible ranges of delay noted in United States v. DeLeo, *supra,* 422 F.2d at 494. It is worthy of mention that actual prejudice was found in the *Dickey* case, *supra,* "in the death of two potential witnesses, unavailability of another, and the loss of police records." 398 U.S. at 38, 90 S.Ct. at 1569, 26 L.Ed.2d at 32. The per se approach to the speedy trial aspect of the Sixth Amendment has been rejected recently by one court. See United States v. DeLeo, *supra,* in which the Supreme Court recently denied certiorari at 397 U.S. 1037, 90 S.Ct. 1355, 25 L.Ed.2d 648.

■■ Further, the rule persists, in the absence of exceptional circumstances not present in the case at bar, that an accused must demand a speedy trial or it is deemed waived. Brooks v. United States (C.A.8) 423 F.2d 1149, 1153; Hodges v. United States (C.A.8) 408 F.2d 543; Mack v. United States (C.A.8) 326 F.2d 481, cert. den. 377 U.S. 947, 84 S.Ct. 1355, 12 L.Ed.2d 309. In United States v. Aberson (C.A.2) 419 F.2d 820, the "demand" rule of United States v. Lustman (C.A.2) 258 F.2d 475, 478, cert. den. 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109, was re-affirmed in a post-Smith v. Hooey decision. The durability of this rule is evidenced by the fact that it has been more recently followed in United States v. DeLeo, *supra,* and Carlton v. United States (E.D.Ark.) 304 F.Supp. 818. And in Dickey v. Florida, *supra,* the Court found in the record that the defendant had exerted "every effort to require the State to try him."

But the record in this case does not show any attempts on the part of petitioner to be brought to trial in the State court. After the state had redocketed the cases pursuant to the order and judgment of this Court in Civil Action No. 1173, petitioner moved in this Court for a discharge. He again petitioned for habeas corpus in this Court in March of 1970, seeking release for the failure of the state to redocket his cases within 60 days of the order and judgment in Civil Action No. 1173. In that petition, however, as the Court noted in Civil Action No. 18239–3, the claims of denial of right to speedy trial were "unstated but implied." Further, there is no statement or showing that any demands for a speedy trial were made in the state trial court. Petitioner states in his traverse that he "has been diligently seeking a constitutionally valid trial ever since his original motion to vacate sentence was filed in the Circuit Court of Cole County in October 1964," and that this should suffice for a demand. But demand for a constitutionally valid trial is not equatable with a demand for a speedy trial. The conclusion must be made that petitioner acquiesced in whatever delay of time passed between the redocketing and his trial (which, furthermore, for the foregoing reasons, did not constitute denial of a speedy trial). See Joy v. United States (C.A.9) 416 F.2d 962.

For the foregoing reasons, petitioner's petition herein for habeas corpus must be denied (1) for failure to exhaust state remedies and (2) for failure to state a claim of denial of any federal right.

It is therefore

Adjudged that the petition herein for habeas corpus be, and it is hereby, denied.