(No. 41317.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. ROBERT DeMARY, Appellant.

*Opinion filed May 22, 1972.*

WARD, J., took no part.

JAMES M. SAMMONS, of Chicago, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ELMER C. KISSANE and WILLIAM K. HEDRICK, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Defendant, Robert DeMary, appeals from the judgment of the circuit court of Cook County entered upon his plea of guilty to the crime of burglary. He was sentenced to serve not less than 4 nor more than 4 and one-half years in the penitentiary.

The burglary involved in this case was committed in October, 1961, and the indictment charging defendant with the offense was returned in 1962. In 1963 he was tried, convicted and sentenced to not less than 10 nor more than 15 years in the penitentiary. No appeal was taken from that judgment.

A petition for post-conviction relief was denied without an evidentiary hearing and the judgment of the circuit court was affirmed by this court. *(People v. DeMary, 37 Ill.2d 364* (Schaefer, J., dissenting).) The facts relevant to the occurrence are stated in our earlier opinion (37 Ill.2d 364, 365-366) and will not be repeated.

Pursuant to 28 U.S.C. 2254, defendant instituted an action in the United States District Court for the Northern District of Illinois *(United States ex rel. DeMary v. Pate, No. 67—C—548),* and after an evidentiary hearing, that court on October 31, 1967, issued a writ of *habeas corpus* "with execution suspended for a period of 30 days to permit the State to take appropriate action to reinstate the cause for trial. In the event such action is not taken within said 30 day period, petitioner will be discharged." On

November 10, 1967, on motion of the State's Attorney, the case was reinstated on the circuit court trial docket, a warrant was issued to return the defendant from the penitentiary, and the matter was continued to November 21, 1967, for further hearing. On November 21, the court reset the case for November 29, and on November 29 it was continued to December 4, 1967. Defendant was not present in court on any of the three earlier dates, but on December 4 he appeared and advised the court that he had no attorney. The public defender was appointed to represent the defendant, defendant moved for appointment of other counsel, the court allowed the motion and continued the case to December 15, 1967, so that appointed counsel could be notified.

On December 15, 1967, defendant appeared before the Honorable Joseph A. Power, presiding judge of the criminal division, for arraignment. The record shows a reference to appointed counsel present in the court room, but counsel had not consulted with defendant. In colloquy with the court, defendant, *pro se,* moved that he be discharged from custody because of the People's failure to reinstate the cause within 30 days of the entry of the order of the United States District Court. The court requested that defendant plead to the indictment and upon his refusal to do so entered a plea of not guilty in his behalf and assigned the case for trial before the Honorable Thomas K. McMillen.

Later the same day defendant, with appointed counsel, appeared before Judge McMillen and the case was continued to December 19. On December 19, defendant appeared with counsel, counsel was granted a period of one week to file a written motion for discharge, an order was entered reducing the defendant's bail and the case was continued to January 3, 1968.

On January 3, after a conference between court and counsel, defendant withdrew his plea of not guilty, pleaded guilty to the charge and the court entered

judgment and imposed sentence. The sentence was equal to the time which defendant had already served, resulted in no further incarceration, and defendant was released from custody.

Defendant contends that the judgment of the circuit court must be reversed for the reason that the circuit court was without jurisdiction to proceed further with the case because of the People's failure to comply with the District Court order. He argues that the actions taken in his absence on November 10, November 21, and November 29, 1967, do not constitute compliance with the order and that the proceedings on December 4, when he was present in court for the first time, were held subsequent to the expiration of the 30-day period.

We are not here concerned with the nature of the relief which the District Court might grant defendant if it were to conclude that the proceedings held subsequent to the entry of its order did not constitute compliance with its terms. The order could not serve to deprive the circuit court of Cook County of jurisdiction to retry the defendant (*Irvin v. Dowd, 366 U.S. 717, 6 L.Ed.2d 751, 81 S.Ct. 1639; United States ex rel. Miller v. Pate (7th cir.), 429 F.2d 1001*). We hold that the circuit court had jurisdiction to order the cause reinstated and find no basis for reversal of the judgment entered upon defendant's plea of guilty. The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.